Douglas N. DeBAKEY, Appellant,

v.

Marilyn Sue STAGGS and Donny G. Staggs et al., Appellees.

No. 17621.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 26, 1980.

Rehearing Denied July 24, 1980.

Lieberman & Tratras, Rena G. Nirenberg, Houston, for appellant.

Mullins, Box & Parish, Kenneth L. Box, Houston, for appellees.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from a judgment rendered after a nonjury trial wherein appellees were awarded damages of $420, trebled, and attorney's fees of $1000.00.

The principal questions are (1) whether legal services are incorporated under § 17.-45(2) of the Deceptive Trade Practices Act (Act) (2) whether a client is a consumer as defined in § 17.45(4) of the Act and (3) whether the evidence supported the conclusions and findings of the court that the appellant's conduct constituted an "unconscionable action or course of action" prohibited by § 17.45(5) of the Act.

We answer all of these questions in the affirmative and, as modified, affirm the judgment of the trial court.

In April of 1977, appellant was retained by appellees Marilyn and Donny Staggs to perform the legal services necessary to change the name of Rhonda Kay McWhorter to Rhonda Kay Staggs. Rhonda Kay, a minor, was the daughter of Mrs. Staggs by a prior marriage and the step–daughter of Mr. Staggs. A retainer of $120 was paid by the appellees to appellant, on an agreed total fee of $250.00

The petition was filed in May of 1977, and after citation by publication was obtained on the natural father, the cause was heard on October 14, 1977. Because of numerous defects and insufficiencies in the handling of the cause, the order changing the name of Rhonda Kay was not signed and appellees eventually hired other counsel and paid him $300.00 to complete the proceeding.

Thereafter, this suit was filed alleging, among other things, a cause of action under Sec. 17.41 of the Deceptive Trade Practices Act. Appellees alleged they sustained damages because of the necessity of hiring other counsel to complete the procedure and for mental anguish occasioned by the delay.

Appellant is challenging the evidentiary basis supporting the trial court's findings that:

(1) he did not secure the appointment of an attorney ad litem;

(2) he knew the petition was defective at the time it was filed;

(3) he was advised by the court that an attorney ad litem, as well as a statement of the evidence were required because service of citation had been obtained by publication;

(4) he did not return the fee of $120.00; and

(5) his services were of no value to the appellees.

The appellant is also challenging the trial court's conclusions of law that:

(1) appellant's failure to timely obtain the change of name was detrimental to appellees;

(2) appellant's failure to timely obtain the change of name took advantage of the appellees' lack of knowledge, ability, experience and capability to a grossly unfair degree;

(3) appellant's knowing failure to properly and timely obtain the change of name resulted in a gross disparity between the value received and the consideration paid;

(4) the appellees sustained actual damages in the amount of $420; and

(5) the appellees were entitled to treble damages and attorney's fees in the amount of $1,000.

Appellant in eight points of error, attacks the first four findings listed above. However, appellant admitted these facts at trial, therefore these points of error are overruled.

■ Appellant's 11th and 12th points of error allege that the trial court's conclusion of law that the failure of the appellant to timely obtain the change of name was detrimental to the appellees was not supported by the evidence, or alternatively, was against the great weight and preponderance of the evidence. These points are overruled. After approximately 18 months had passed and this relatively simple procedure had not been completed, appellees were justified in retaining other counsel, which cost them extra money. This testimony is sufficient to support these findings.

Appellant's 13th and 14th points of error attack the sufficiency of the evidence supporting the trial court's conclusion that the failure of the appellant to timely obtain the change of name took advantage of the lack of knowledge, ability, experience and capacity of appellees to a grossly unfair degree.

It is undisputed that appellant was retained to change the name of Rhonda Kay McWhorter and that appellees, who were not lawyers, were depending on him to effect this. It is also undisputed that although appellant knew it was required by law, he failed to file a verified petition, he failed to file the written consent of the minor, and he failed to file a statement of the evidence, any of which failures would legally justify the court's refusal to grant the change of name in this case. Appellant's own testimony revealed that he was contacted by a clerk of the court seven months after presenting the matter for hearing, and informed of four errors which needed to be corrected before the court would sign the order changing the name of Rhonda Kay. During this seven month period appellant did not make inquiry of the court pertaining to the delay in signing the proposed order nor did appellant correct or complete these matters prior to the retention of substituted counsel. This evidence is sufficient to warrant the conclusion by the trial court that appellant's conduct took advantage of the appellees' lack of knowledge, experience and capacity to an unfair degree.

Appellant's points of error 17 and 18 complain that there was no evidence or, alternatively, insufficient evidence supporting the conclusion of law that appellees were damaged in the amount of $420.

Appellant agreed to handle the change of name for $250.00. The appellees testified that they paid appellant $120.00 and, because appellant failed to complete the task, they were required to pay an additional $300 to the successor lawyer. The total cash outlay was $420.00. Deducting the amount $250 which they initially promised to pay appellant, leaves an excess of $170.00 which they were required to pay by reason of appellant's conduct. The correct damages should be treble the sum of $170.00, which is $510.00.

Under these points of error appellant further urges that appellees do not qualify as "consumers" within the purview of Sec. 17.41 et seq. of the D.T.P.A., Bus. & Com.Code, reasoning that appellees were purchasing services of an intangible nature. Appellant cites *Snyder's Smart Shop Inc. v. Santi*, 590 S.W.2d 167 (Tex.Civ.App.–Corpus Christi 1979 no writ) which held that the sale of accounts receivable, an intangible, was not subject to the Act. The basis for the court's holding in *Santi* was that accounts receivable were neither goods nor services as defined by the Act. In the instant case the issue is whether legal services are covered by the Act. We hold that the act applied to the purchase or acquisition of legal services.

The legislature has directed the courts to liberally construe the act in order to effectuate its broad purposes. D.T.P.A. § 17.44 (Vernon's Supp. 1980). The act defines "services" as work, labor or services purchased or leased for use, including services furnished in connection with the sale or repair of goods. D.T.P.A. § 17.45(2). A "consumer" is defined as an individual, partnership, corporation, association, or governmental entity who seeks or acquires by purchase or lease any goods or services. D.T.P.A. § 17.45(4). The attorney sells legal services and the client purchases them. Unless exempted elsewhere in the statutes, the attorney as well as other professionals are subject to the provisions of the Act. Physicians and health care providers have been specifically exempted from the provisions of D.T.P.A. where the litigation is based on a claim of negligence. Tex.Rev. Civ.Stat.Ann. art. 4590i, § 12.01(a) (Vernon's Supp. 1980). However, an amendment to the Act, which would have exempted all professional services, was tabled. See Comment, 30 Baylor L.Rev. at 67; Comment, 8 St. Mary's L.Jour. at 766. Therefore, it is reasonable to conclude that the legislature intended legal services to be covered by the Act.

In points of error 19 and 20 appellant argues that the court erred in trebling the damage award and in awarding attorneys fees.

Briefly, the appellant contends that attorney's fees should not have been allowed nor the damages trebled because appellees did not give 30 days notice prior to filing suit. On May 10, 1978, which was more than 30 days before suit was filed, a letter was written by the successor attorney to the appellant which clearly set forth the wrongs alleged and the damages claimed and notifying him of their intention to file suit under the D.T.P.A. if the damages were not paid. At trial, appellant acknowledged timely receipt of the letter. These points are overruled.

Appellant's points of error nine, ten, fifteen and sixteen, although considered by the court, need not be discussed because the trial court's judgment can be, and is, affirmed upon the basis that the appellant committed an unconscionable act by taking advantage of the appellees lack of knowledge, ability, experience, and capacity to a grossly unfair degree.