Glen A. BARNARD, Appellant,

v.

Otis Bobby MECOM, Appellee.

No. 2430cv.

Court of Appeals of Texas,
Corpus Christi.

Feb. 3, 1983.

Rehearing Denied May 12, 1983.

Randall P. Crane, San Benito, for appellant.

Joseph R. Preston, Clark & Preston, Mission, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a deceptive trade practice case filed against Glen A. Barnard, appellant, who is a licensed attorney practicing in Cameron County, Texas.

Barnard was engaged by Bobby Mecom, appellee, to represent him in a suit to enjoin a foreclosure on Mecom's homestead. The case was settled during trial. As part of a settlement, Mecom received the sum of $5,000.00. This money was placed in a trust account of attorney Barnard. Mecom claims he gave the money to Barnard under an agreement that it was to be used to finance another lawsuit or to make future interest payments on Mecom's mortgage. When Barnard failed to pursue the second suit, Mecom hired another attorney and demanded the return of the $5,000.00. Barnard refused, claiming that all monies that he held in trust for Mecom plus an additional sum were owed to him for fees and expenses in connection with the first lawsuit.

The dispute culminated in the filing of this deceptive trade practice suit in which Mecom claimed Barnard's actions constitute a violation of the DTPA.[1] Attorney Barnard denied any liability for damages and countered with a claim of a debt on accrued fees for services rendered. The trial court, sitting without a jury, found in favor of Mecom and awarded him $11,000.00 damages and attorney's fees. On appeal, Barnard alleges numerous errors relating to trial court actions on both Mecom's suit and attorney Barnard's counterclaim.

The trial court found that attorney Barnard had committed an unconscionable action because he took advantage of Mecom's lack of knowledge, ability, experience and capacity to a grossly unfair degree, and because there was a gross disparity between the amount paid by Mecom and the value he received. See Tex.Bus. & Com.Code Ann. §§ 17.45(5) and 17.50(a)(3) (Vernon Supp.1982). Finding this action to be a producing cause of actual damages to Mecom in the amount of $5,000.00, the trial judge applied section 17.50(b)(1) to award a total of $11,000.00 damages.

Barnard seeks to characterize the lawsuit as a simple dispute over money, not connected to any good or service sought by Mecom. He asserts Mecom does not qualify as a consumer. He points to that portion of

---

1. The Texas Deceptive Trade Practices Act, Tex.Bus. and Com.Code Ann. §§ 17.41–.63 (Vernon Supp.1982). We will consider the Act as amended in 1979 as the applicable version for purposes of this appeal.

Mecom's petition which describes the original purpose for hiring attorney Barnard and the resulting settlement by which the $5,000.00 came to be deposited in Barnard's trust account. Barnard points out Mecom's allegation in the petition that Barnard wrongfully detained and converted the settlement funds. Thus, he concludes the action is limited to an action for conversion. However, this analysis ignores the fact that the petition also alleges that Mecom employed Barnard for other legal matters in connection with his property; that the settlement funds were received for the *use and benefit* of Mecom; and that the petition specifically charges that Barnard's actions were "unconscionable" as that term is defined by the DTPA.

■ Appellant Barnard cites *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980) for the proposition that a suit seeking "money as money" is not a suit by a consumer seeking goods and services so as to be covered by the DTPA. We agree with the holding of that case, but it is not in point with the facts of this case. There is evidence that Mecom desired (and Barnard agreed) that Barnard could continue to represent him by pursuing a lawsuit collateral to the foreclosure matter. Mecom and others testified that the parties agreed that the $5,000.00 was for financing the subsequent action. Under the circumstances, Mecom qualifies as a consumer and the DTPA applies as pled in Mecom's suit. See *DeBakey v. Staggs*, 605 S.W.2d 631 (Tex. Civ.App.—Houston [1st Dist.] 1980), writ

ref'd n.r.e., 612 S.W.2d 924 (Tex.1981). Barnard's second point of error is overruled.

■ Barnard complains that the trial court erred in failing to sustain his special exceptions to Mecom's second amended petition. Along with his answer and counterclaim, Barnard filed seven special exceptions. Although Barnard brought his exceptions to the attention of the trial judge at a preliminary hearing and again at the start of the trial, the judge "carried them along" with the case and never expressly ruled on them. The effect of the trial court not passing specifically on the exceptions was to overrule them. The court is clothed with a large amount of discretion in ruling on special issues, and its ruling will not be disturbed in absence of a showing of abuse of that discretion. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.); *Finch v. McVea*, 543 S.W.2d 449, 452 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Appellant Barnard has shown no abuse of discretion in this case. We have examined the special exceptions and find them without merit in any degree. Any error in failing to rule on them was harmless. Rule 434, Tex.R.Civ.P. See *Swinford v. Allied Finance Co.*, 424 S.W.2d 298, 301 (Tex.Civ.App.—Dallas 1968, writ dism'd). Point of error number four is overruled.

■ Next, Barnard alleges that the pleadings do not support the trial court's findings.[2] Three of the findings concern the nature of the agreement of the parties on the specific use of the $5,000.00, and

---

2. The findings involved in this point of error are as follows:

3. At the time the $5,000.00 check was endorsed, Mecom and Barnard agreed that these funds would be deposited in Barnard's Client Trust Account and would be used to finance another Law Suit for which Barnard would receive a *contingent fee*. This Law Suit would be filed within two weeks and if no recovery was had within six months the money in Trust would be used to pay interest on a note that Mecom owed to the Pan American Bank.

12. Barnard did not file a Law Suit as agreed when the $5,000.00 settlement was made and such monies were received by Mecom.

13. Barnard did not pay interest on Mecom's note owed the Pan American Bank of Brownsville, Texas, as agreed when the $5,000.00 settlement was paid.

14. On April 30, 1980, the Grievance Committee of the State Bar of Texas (Plts. Exhibit 4), held that Barnard violated the Canons of Professional Ethics in that "he was very dilatory in rendering an accounting to his client (Mecom) regarding the monies held in Trust." An undated copy of a statement from Mecom to Mecom is attached to that order. It states "Attorneys fees—all matters $6,535.00—fees received, $4,551.00—balance owing on fees $1,984.00—balance still in Trust $1,000.00"

Barnard's failure to comply. These findings are supported by Mecom's petition. The fourth finding complained of relates to a State Bar Grievance Committee order in which Barnard was found to have violated the Canons of Professional Ethics by his behavior in delaying and failing to give a proper accounting to Mecom concerning the trust funds. Mecom alleged a violation of the specific canon cited in the order. Even were it not pled, it would be harmless error because the finding was evidentiary and not material to the judgment. Rule 434, Tex.R. Civ.P. Point of error five is overruled.

■ Barnard claims there is no evidence or, in the alternative, insufficient evidence to support the trial court's findings [3] that he committed an unconscionable act compensable by damages under the DTPA. In reviewing a "no evidence" point, we consider only evidence tending to support the trial court's judgment and reasonable inferences therefrom, disregarding all evidence and inferences contrary thereto. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Armellini Express Lines of Florida v. Ansley,* 605 S.W.2d 297 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). We must overrule the point if there is any probative evidence, more than a scintilla, to support the judgment. In reviewing an "insufficient evidence" point, we must look at all the evidence to decide whether the supporting evidence is so weak or the contrary evidence is so overwhelming that the findings as to damages should be set aside and a new trial ordered. *Garza v. Alviar, supra* at 823. Reviewing the record under this standard we find the evidence more than sufficient to support the conclusion that Barnard committed an unconscionable act as defined by either section 17.45(5)(A) or (B). Mecom testified that he had no fee agreement with Barnard, did not know how he would be charged or how much per hour a lawyer

earns. He testified that he thought that money paid in advance to Barnard fully covered the cost of the foreclosure matter. This was not unreasonable in light of his testimony that he agreed to let Barnard handle the collateral matter on a contingency basis. Appellee Mecom, as well as an attorney who was present at the settlement of the first suit, testified that Barnard agreed to accept the settlement money in trust for use in funding the collateral suit, if such matter could be brought to fruition within six months, or to pay interest on Mecom's note, which had been renegotiated as part of the same settlement. The evidence is undisputed that Barnard neither pursued the lawsuit or made any payments on Mecom's behalf. It is likewise uncontested that Barnard withdrew most of the funds for his own use, without notice to or permission from appellee Mecom. He refused to return any of the money when demand was made, was "very dilatory" in rendering an accounting, and when the accounting was finally made, it was insufficient. Point of error seven is overruled.

■ Barnard also challenges the legal sufficiency of the evidence to show damages resulting from any services rendered or not rendered by him. The trial court found that Barnard agreed to perform certain legal services for Mecom and that he wholly failed to do so. There is ample evidence of damages. We hold that there is sufficient evidence to support the findings that Mecom, in essence, paid $5,000.00 for these services and got nothing in return. The third point of error is overruled.

Barnard alleges reversible error in the admission, over timely objection, of plaintiff's exhibit four. This exhibit consists of a copy of a document entitled "Order of Suspension" entered by a State Bar Grievance Committee, disciplining Barnard for the acts which formed the basis of Mecom's

**3.** In this regard, the Court's specific findings are:

15. Barnard knowingly failed to use the $5,000.00 paid by Mecom, as agreed, supra.
16. There is a gross disparity between the $5,000.00 paid by Plaintiff Mecom and the value that Plaintiff received.

17. The Defendant Barnard committed an unconscionable act by taking advantage of Plaintiff Mecom's lack of knowledge, ability, experience, and capacity to a grossly unfair degree.

complaint in this cause. Included in the exhibit was Barnard's written consent to the committee's judgment. The objection at trial (and reiterated by this point on appeal) was that the document was irrelevant and immaterial. Mecom responds, as he did at trial, that the exhibit was admissible as an "admission against interest."

■ The objection was a general one and, as such, will not preserve error. *Harrington v. Aetna Casualty & Surety Co.,* 489 S.W.2d 171, 178 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.); *Paxton v. Spencer,* 503 S.W.2d 637, 645 (Tex.Civ.App.—Corpus Christi 1973, no writ). This was a judge-tried case. It is a rule of long standing that trial judges are presumed to disregard evidence which is nonprobative, prejudicial or otherwise unfit. Therefore, even if there was error, it was harmless. There was other, probative evidence to support the judgment. See *Merrell v. Merrell,* 527 S.W.2d 250 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Yzaguirre v. State,* 427 S.W.2d 687 (Tex.Civ.App.—Corpus Christi 1968, no writ). Point of error six is overruled.

■ Barnard argues that Mecom should not recover under the DTPA because he failed to comply with the notice requirement of section 17.50A(a). That section requires written notice of at least 30 days before filing suit informing the person from whom the consumer seeks relief of the specific complaint and the amount of damages sought. Barnard admits receiving a letter informing him of Mecom's demand for the return of the $5,000.00 more than 30 days prior to the filing of the suit. He claims the notice is defective because it failed to specify the sections of the DTPA that were violated. He also says the notice failed to allege that the $5,000.00 demanded was "actual damages." Section 17.50A(a) does not require a complaining consumer to threaten suit under the DTPA or specify which section he thinks is violated. The purpose of the section is to discourage litigation and encourage settlements of consumer complaints. The letter in issue adequately identifies Mecom's claim and the amount he required to make him whole. Point of error eight is overruled.

■ Barnard maintains that the trial court erred in failing to consider his counterclaim. This complaint is apparently based on the fact that the findings of fact and conclusions of law do not specifically mention the merits of Barnard's claim. However, the trial court's final judgment did dispose of all matters and parties in the case with the sentence: "All relief not expressly granted herein is denied." As such, the counterclaim was considered and denied.

■ Barnard claims the trial court's failure to file additional findings and conclusions after his timely request is reversible error. This point has not been properly preserved. The record does not reflect, and appellant has not shown, that his request for additional findings was presented to the trial judge. It is not sufficient to make such presentation to the clerk of the court. *Zaruba v. Zaruba,* 498 S.W.2d 695, 697 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); 4 McDonald, *Texas Civil Practice* § 16.06–B (1971). No showing of a reminder to the trial judge was made. See: Rule 297, Tex. R.Civ.P., and see also *Black v. Bassett,* 619 S.W.2d 193 (Tex.Civ.App.—Texarkana 1981, no writ). Even if the point was properly before us, Barnard has failed to show injury from the failure to make additional findings. The counterclaim pleaded only one ground of theory of recovery. We have before us a complete statement of facts for review of the evidence on that issue. A review of the complete record affirmatively shows no injury to Barnard caused by the lack of additional findings. *Wagner v. Riske,* 178 S.W.2d 117 (Tex.1944). See also *Fraser v. Goldberg,* 552 S.W.2d 592 (Tex. Civ.App.—Beaumont 1976, writ ref'd n.r.e.). There is sufficient evidence to support the trial court's denial of the counterclaim. All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is AFFIRMED.