Charles G. **KOONCE** and J.P. Stroud, Appellants,

v.

Gary M. **CHASTAIN**, et al., Appellees.

No. 08–83–00264–CV.

Court of Appeals of Texas, El Paso.

July 25, 1984.

Rehearing Denied Sept. 5, 1984.

---

Jad Davis, Al Schorre, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellants.

John G. Hyde, J. Brian Martin, Freeman, Hyde & Martin, Midland, for appellees.

STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

This Deceptive Trade Practice Act case arises from the sale of five rural homestead sites south of the City of Midland. The purchasers of the five different five-acre tracts recovered judgment based on jury findings of unconscionable action arising out of an alleged misrepresentation that certain lots in a subdivision would be restricted to residential use. Having concluded that there is no evidence of unconscionable action, we reverse and render.

In 1978, Charles Koonce and J.P. Stroud purchased 320 acres of farm land they had been leasing in Midland County. The following year they began to sell five-acre tracts out of that part of the land adjacent

to Warren Road and Cotton Flat Road. The four couples who were the plaintiffs in the trial court each originally bought a five-acre tract. All four couples bought the lots for rural home sites and each couple built a house on the land they had purchased. All four couples testified that the sellers had represented to them that Lot No. 1 on the northeast corner of the half-section would be used for commercial purposes, but all other lots would be for residential purposes. Each of their deeds had a restriction that the five-acre lot which they purchased would have only one family dwelling with a minimum of 1,100 square feet. The restrictions required the property "to be used for residential purposes only."

After Gary and Georgia Chastain built their house on Lot 4, an oilfield pipe storage yard was built on Lot 2. He testified he subsequently bought Lot 3 to prevent any similar development next to the lot where his house was located. All of the parties testified that the commercial use of Lot 2 was in violation of representations made to them prior to the purchase of their lots and that only Lot No. 1 was to be used for commercial purposes. They also testified as to the development of other parts of the half section of land for mobile homes, which they contended was also in violation of representations made to them, but no issue is raised on appeal as to those complaints after adverse jury findings.

The trial court set aside findings with regard to an express warranty and the Appellees make no complaint about that ruling. The jury also found that the defendants engaged in an unconscionable action or course of action with regard to the plaintiffs, that such action was a producing cause of actual damages and that Gary and Georgia Chastain sustained actual damages of $10,000.00 and each of the other couples sustained $7,500.00 in actual damages. After finding that the defendants acted knowingly, the jury awarded each couple $3,500.00 in additional damages. The jury also found the amount of reasonable attorney's fees for the trial and appeal to be $10,900.00. The trial court reduced the

attorney's fees for actual trial, but in all other respects entered judgment based upon the jury findings.

The Appellants present nine points of error. Our decision is controlled by our ruling on Point of Error No. Six which asserts the trial court erred in overruling defendants' motion for judgment non obstante veredicto and motion to disregard the jury finding of unconscionable action because there is no evidence to support the finding.

We bypass Appellants' first four points of error which assert that the Appellees were not "consumers" and therefore did not have standing to bring a suit under the Deceptive Trade Practice Act. Tex.Bus. & Com.Code Ann. sec. 17.45 defines a "consumer" as an individual who acquires by purchase any goods. It defines "goods" as meaning real property purchased for use. See: *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977) (n. 9). But there is a requirement that the *goods* or services sought or *acquired* by the consumer form the basis of his complaint (emphasis added). *Flenniken v. Longview Bank and Trust Company*, 661 S.W.2d 705 (Tex.1983); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981). Appellants contend that Appellees' complaints are not about the lots which they purchased, but about Lot No. 2 which they did not purchase. We need not decide that issue in this case because even if Appellants do qualify as consumers they still cannot recover.

We next consider the attack on the jury finding of unconscionable action by the defendants. Tex.Bus. & Com.Code Ann. sec. 17.45 states:

(5) "Unconscionable action or course of action" means an act or practice which, to a person's detriment:

(A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or

(B) results in a gross disparity between the value received and consider-

ation paid, in a transaction involving transfer of consideration.

The jury was properly instructed as to the meaning of "unconscionable action or course of action" by language that tracked the words of the statute. The jury's answer would allow recovery under Tex.Bus. & Com.Code sec. 17.50(a)(3) without the necessity of a finding of a violation of conduct delineated in Section 17.46(b). *Southwest Lincoln-Mercury, Inc. v. Ross,* 580 S.W.2d 2 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

These lots were outside the City of Midland. There were no general subdivision restrictions approved by the Commissioners Court which would have placed restrictions upon the use of Lot No. 2. See: Article 6626, Tex.Rev.Civ.Stat.Ann., and Article 6702–1, sec. 2.402, Tex.Rev.Civ.Stat.Ann. Instead, each deed contained certain restrictions applicable to that particular lot. All of the plaintiffs knew their lots were located in a rural area with various types of homes and businesses in the general area. Gary and Georgia Chastain paid $8,500.00 for Lot 4 on which their home was located. Mike and Delores Chastain bought Lot 5, Gary and Marjorie Stokes bought Lot 6 and Paul and Marjorie Simmons bought Lot 9. The evidence does not reflect the consideration paid by the purchasers for Lots 5, 6 and 9.

We have reviewed more than 800 pages of testimony and approximately 100 exhibits. In determining whether the evidence is legally sufficient, we have considered only the evidence tending to support the jury's findings and all reasonable inferences from such evidence and have disregarded all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). In applying that standard, we find no evidence of unconscionable conduct. Indeed, the Appellants do not suggest in their brief whether they assert liability on the evidence in this case under Section 17.-45(5)(A), "taking advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree," or under Section 17.45(5)(B), "results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration."

Although Appellees cite *Bennett v. Bailey,* 597 S.W.2d 532, 533 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.), this is not a case where a lonely widow who lacked knowledge, ability, experience or capacity to deal with another was taken advantage of to a grossly unfair degree. Gary Chastain worked for the City of Midland Fire Department. He and his wife paid $8,500.00 for the five acres in Lot 4 in 1979. His own appraiser in a November, 1982, appraisal report concluded this land had a value of $4,500.00 per acre, or an increase of over 150% in just three years. There is no proof what the other couples paid for their lots, but if they paid a similar price, they had an equally valuable increase because all lots were valued by the appraiser at $4,500.00 per acre. We conclude from the nature of the proof through a real estate appraiser that Appellants intended to establish liability under Section 17.-45(5)(B); but the proof of the appraiser only shows the value of the four homes had been reduced in value because of the pipe yard on Lot No. 2, not that because of the Appellants' misrepresentations the Appellees ended up with a gross disparity between the value received and the consideration paid for each of their lots. There is no proof of unconscionable action in this case. See: *Lucas v. Nesbitt,* 653 S.W.2d 883 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Bell Helicopter Company v. Bradshaw,* 594 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Southwest Lincoln-Mercury, Inc. v. Ross,* supra. Certainly every case involving a misrepresentation does not result in unconscionable action and become actionable under the Deceptive Trade Practice Act, and this case is a good example.

The judgment of the trial court is reversed and judgment rendered for the Appellants.