NUMBER
13-01-00266-CV

 

                            COURT
OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                   CORPUS
CHRISTI B EDINBURG

                                                                                                                       


JESUS ALEJANDRO,                                                                                   Appellant,

 

                                                                             v.

 

JOHN
D. BELL,                                                                                                          Appellee.

          
                                                                                                             

           On
appeal from the 117th District Court of Nueces County, Texas.

                                                                               
                                        

                                O
P I N I O N

 

           Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                                     Opinion
by Justice Hinojosa

 








This is
an appeal from the trial court=s order granting the motion for partial
summary judgment of appellee, John D. Bell. 
By five points of error, appellant, Jesus Alejandro, contends the trial
court erred in:  (1) granting the motion
for summary judgment and dismissing his lawsuit; (2) assessing sanctions
against him because there is no evidence to support the sanctions; (3) refusing
to rule on his objections to the summary judgment evidence; (4) refusing to
rule on his special exceptions; and (5) granting the motion for summary
judgment because it failed to specify the grounds.  We affirm the trial court=s
summary judgment.  We reverse the trial
court=s
sanctions order and render judgment that appellee=s motion
for Texas Rule of Civil Procedure 13 sanctions is denied.

A.  Background

Appellant
was employed by the Robstown Independent School District (ASchool
District@) as the
Assistant Superintendent for Business and Finance.  The School District terminated appellant=s
employment contract for the following reasons: 
(1) the issues raised in a Texas Education Agency Investigative Report;
(2) the use of School District property for personal business; (3) the use of a
School District computer to visit inappropriate Internet sites; and (4) the use
of unauthorized telephone recording equipment. 
Appellant appealed his termination to the School District Board of
Trustees (ABoard@).  The Board heard the appeal during a contested
hearing held on October 29, 1999. 
Appellee was the School District=s attorney at the hearing.  The Board voted to uphold appellant=s
termination.  After the termination was
upheld by the Commissioner of Education, appellant sued the School District,
the Superintendent, and certain Board members under the Texas Whistleblower
Act, for wrongful termination.  Appellant
also sued appellee for misrepresentation.








Appellee
filed a motion for partial summary judgment, asserting absolute privilege.  As summary judgment evidence, appellee
attached his own affidavit and relevant portions of the administrative
record.  On December 15, 2000, the trial
court granted the motion for summary judgment, without stating its
reasons.  The court severed the case,
making the summary judgment final for appeal purposes.  Further, the trial court assessed Texas Rule
of Civil Procedure 13 sanctions against appellant and his attorney in the
amount of $1,500.00.

                                    B.  Objections
to Summary Judgment Evidence

By his
third point of error, appellant contends the trial court erred by refusing to
rule on his objections to appellee=s summary judgment evidence.

As a
prerequisite to presenting a complaint for appellate review, the record must
show that:  (1) the complaint was made to
the trial court by a timely request, objection, or motion, and (2) the trial
court either expressly or implicitly ruled on the objection or refused to rule
with the complaining party objecting to the refusal.  Columbia Rio Grande Reg=l Hosp.
v. Stover, 17 S.W.3d 387, 395 (Tex. App.BCorpus
Christi 2000, no pet.).  No written order
overruling the objection is necessary if the record reflects that the trial
court ruled on the party=s objections, either explicitly or
implicitly.  Id. at 395-96.

The
record shows the trial court refused to rule on appellant=s
objections to appellee=s summary judgment evidence.  Appellant complained in his motion for new
trial of the trial court=s refusal to rule.  We hold appellant has preserved this
complaint for our review.  Id. at
395.








The
admission or exclusion of summary judgment evidence rests in the sound
discretion of the trial court.  Creative
Thinking Sources, Inc. v. Creative Thinking, Inc., 74 S.W.3d 504, 514 (Tex.
App.BCorpus
Christi 2002, no pet. h.).  The test for
determining if the trial court abused its discretion is whether the trial court
acted without reference to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).  If
the trial court acts in an arbitrary or unreasonable manner, it abuses its
discretion.  Id.  That a trial court may decide a matter within
its discretionary authority in a different manner than the appellate court does
not demonstrate an abuse of discretion.  Id.

To
constitute competent summary judgment evidence, affidavits must be made on
personal knowledge, setting forth such facts as would be admissible in
evidence, and must affirmatively show that the affiant is competent to testify
to matters stated therein.  Tex. R. Civ. P. 166a(f); Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996).  A summary judgment may be based on
uncontroverted evidence if that evidence is clear, positive, direct, free from
contradictions and could have been readily controverted.  Tex.
R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551, 558 (Tex.
1989); Montemayor v. Chapa, 61 S.W.3d 758, 762 (Tex. App.BCorpus
Christi 2001, no pet.).  Affidavits
supporting a motion for summary judgment must set forth facts, not legal
conclusions.  Larson v. Family
Violence & Sexual Assault Prevention Ctr. of S. Tex., 64 S.W.3d 506,
514 n.6 (Tex. App.BCorpus Christi 2001, pet. denied).  Statements based on subjective beliefs are no
more than conclusions and are not competent summary judgment evidence.  Tex. Div.-Tranter, Inc. v. Carrozza,
876 S.W.2d 312, 314 (Tex. 1994).

Appellant
specifically objected to the following two paragraphs in appellee=s
affidavit as being global and conclusory:








At all times since the commencement of the
termination proceedings against Jesus Alejandro on or about August 26, 1999, I
have been acting as attorney for Robstown Independent School District.  All acts I have taken regarding the
termination of Jesus Alejandro, and any statements I have made on that topic,
have been in furtherance of my representation of Robstown Independent School
District, either in a judicial or quasi-judicial proceeding, or in
contemplation of such a proceeding.

 

* * * *
*

 

At all relevant times, any statements of
fact that I have made on the topic of the Plaintiff=s termination
have been truthful and have been made in good faith and without ill will or
malice of any kind.  Any arguments I
presented were made in the same way based on the applicable law and
administrative regulations.  This
includes specifically all of my statements and conduct in the above-mentioned
evidentiary hearing on October 25, 1999. 
As an attorney, it was my duty to advocate the position of Robstown
Independent School District regarding the Jesus Alejandro termination.

 

After
reviewing these two paragraphs, we conclude the first three sentences of the
second paragraph are based on appellee=s subjective belief and are not competent
summary judgment evidence.  See id.  However, the remaining portions of these two
paragraphs and the remaining portions of appellee=s
affidavit are competent summary judgment evidence.

Appellee=s statements that he represents the School
District as their attorney, and has represented the School District at all
times since the commencement of the termination proceedings against appellant,
establishes his competence to testify regarding the events prior to and during
the proceeding at issue.  Further, his
personal knowledge as an attorney for the School District establishes his
competence to testify regarding his representation of the School District.  See Hood, 924 S.W.2d at 122.  Finally, the facts set forth in the affidavit
are admissible evidence.  See Larson,
64 S.W.3d at 512.








We may
not reverse for an erroneous evidentiary ruling unless the error probably
caused the rendition of an improper judgment. 
See Tex. R. App. P.
44.1; Owens-Corning Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998).  The admission of incompetent
evidence does not require reversal of a judgment if there is competent evidence
to authorize its rendition.  See
Gillespie v. Gillespie, 644 S.W.2d 449, 450 (Tex. 1982).  After reviewing the competent summary
judgment evidence in appellee=s affidavit, we conclude that any error by
the trial court in refusing to rule on appellant=s
objections to the affidavit was harmless. 
Tex. R. App. P. 44.1; see
Gillespie, 644 S.W.2d at 450.  We
overrule appellant=s third point of error.

C.  Special
Exceptions

By his
fourth point of error, appellant contends the trial court erred by refusing to
rule on his special exceptions to appellee=s pleadings.

The
effect of the trial court not ruling specifically on the special exceptions,
and granting the motion for partial summary judgment, was to overrule
them.  See Barnard v. Mecom, 650
S.W.2d 123, 125 (Tex. App.BCorpus Christi 1983, writ ref=d
n.r.e.).  The trial court has broad
discretion in ruling on special exceptions, and its ruling will not be
disturbed in the absence of a showing of abuse of that discretion.  See Kutch v. Del Mar Coll., 831 S.W.2d
506, 508 (Tex. App.BCorpus Christi 1992, no writ); Hubler
v. City of Corpus Christi, 564 S.W.2d 816, 820 (Tex. Civ. App.BCorpus
Christi 1978, writ ref=d n.r.e.).

We have
reviewed the special exceptions and conclude they are without merit.  In his original answer and motion for partial
summary judgment, appellee clearly identifies his affirmative defense of
absolute privilege.  Further, appellant
has failed to show an abuse of discretion by the trial court.  Thus, any error by the trial court in failing
to rule on the special exceptions was harmless. 
Tex. R. App. P. 44.1(a); see
Barnard, 650 S.W.2d at 125. 
Appellant=s fourth point of error is overruled.

D.  Grounds
for Summary Judgment








By his
fifth point of error, appellant contends the trial court erred in granting
appellee=s motion
for summary judgment because it does not specify the grounds as required by
Texas Rule of Civil Procedure 166a(c).

Texas
Rule of Civil Procedure 166a(c) requires a motion for summary judgment to
expressly state the specific grounds on which it is made.  Tex.
R. Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993); McCord v. Dodds, 69 S.W.3d 230, 232 (Tex.
App.BCorpus
Christi 2001, pet. denied).  In
determining whether grounds are expressly presented, reliance may not be placed
on briefs or summary judgment evidence.  McConnell,
858 S.W.2d at 341; McCord, 69 S.W.3d at 232.

After
reviewing appellee=s motion for partial summary judgment, we
hold the grounds for summary judgment referenced in the motion are sufficiently
clear.  See McConnell, 858 S.W.2d
at 341.  Appellee=s motion
expressly identifies the affirmative defense of absolute privilege as its
grounds, details facts which entitle appellee to the privilege, and refers the
trial court to the attached summary judgment evidence to prove the
privilege.  Appellant=s fifth
point of error is overruled.

E.  Summary
judgment

By his
first point of error, appellant contends the trial court erred in granting
appellee=s motion
for partial summary judgment and dismissing his lawsuit with prejudice.  Specifically, appellant complains of comments
made by appellee during his closing argument to the Board.  Appellant asserts there is a factual question
as to appellee=s role or capacity at the proceeding and
whether appellee knew his statements to the Board concerning appellant were
false at the time he made them.  Appellee
claims the affirmative defense of absolute privilege.








1.  Standard of Review

We
review the trial court=s grant of a traditional motion for
summary judgment de novo.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex.
Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus
Christi 2000, pet. denied).  In reviewing
a summary judgment, we must determine whether the summary judgment proof
establishes as a matter of law that there is no genuine issue of material fact
as to one or more of the essential elements of the plaintiff=s cause
of action or whether the defendant has established all elements of his
affirmative defense.  Walker v. Harris,
924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22 S.W.3d 58, 59 (Tex.
App.BCorpus
Christi 2000, no pet.).  In deciding
whether there is a genuine issue of material fact, evidence favorable to the
nonmovant will be taken as true, and all reasonable inferences made, and all
doubts resolved, in his favor.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  A defendant moving for summary judgment on an
affirmative defense has the burden to conclusively establish that defense.  Velsicol Chem. Corp. v. Winograd, 956
S.W.2d 529, 530 (Tex. 1997).  The
nonmovant has no burden to respond to a traditional motion for  summary judgment unless the movant
conclusively establishes its cause of action or defense.  M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

When the
trial court=s order
does not specify the grounds relied on for the ruling, the summary judgment
will be affirmed if any of the theories advanced in the motion are
meritorious.  Rogers v. Ricane
Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).

2.  Absolute Privilege








Texas
courts have long recognized that an absolute privilege extends to judicial
proceedings, i.e., any statement, oral or written, made in the due
course of a judicial proceeding are absolutely privileged and cannot constitute
the basis for a defamation action, or any other civil action.  James v. Brown, 637 S.W.2d 914, 916
(Tex. 1982); Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d
909, 912 (1942).  This absolute privilege
extends to any statement made by the judges, jurors, counsel, parties or
witnesses, even to statements made negligently or with malice.  James, 637 S.W.2d at 916; see also
Zarate v. Cortinas, 553 S.W.2d 652, 655 (Tex. Civ. App.BCorpus
Christi 1977, no writ) (privilege applies to statements that are false or
irrelevant to the proceeding).

This
privilege also applies to proceedings before executive officers, and boards and
commissions which exercise quasi-judicial powers.  Rose v. First Am. Title Ins. Co., 907
S.W.2d 639, 641 (Tex. App.BCorpus Christi 1995, no writ) (citing Reagan,
166 S.W.2d at 912).  This Court has
identified at least six powers which indicate that a governmental body is
acting in a quasi-judicial capacity:  (1)
the power to exercise judgment and discretion; (2) the power to hear and
determine or to ascertain facts and make decisions; (3) the power to make
binding orders and judgments; (4) the power to affect the personal or property
rights of private persons; (5) the power to examine witnesses, to compel the
attendance of witnesses, and to hear the litigation of issues on a hearing; and
(6) the power to enforce decisions or impose penalties.  Town of South Padre Island v. Jacobs,
736 S.W.2d 134, 144 (Tex. App.BCorpus Christi 1986, writ denied).  Not all of these powers need be vested in the
governmental body to qualify for the quasi-judicial proceeding privilege.  Id.








In Gallegos
v. Escalon, this Court determined that a proceeding before the Donna
Independent School District=s Board of Trustees, investigating the use
of a school credit card was quasi-judicial in nature.  Gallegos, 993 S.W.2d 422, 426 (Tex.
App.BCorpus
Christi 1999, no pet.).  In so holding,
we adopted the analysis of the San Antonio Court of Appeals in Hernandez v.
Hayes.  See Hernandez, 931
S.W.2d 648, 654 (Tex. App.BSan Antonio 1996, writ denied) (holding
that a Texas school board grievance process hearing is a quasi-judicial
proceeding).

Our
analysis here is similar to our analysis in Gallegos.  First, the education code confers on a school
board the power to exercise judgment and discretion in managing its district by
granting it the Aexclusive power and duty to govern and oversee
the management@ of the district schools.  Tex.
Educ. Code Ann. '11.151(b) (Vernon 1996).  Second, in exercising its authority to
govern, the school board possesses the power to hear evidence, ascertain facts,
and make decisions.  Gallegos, 993
S.W.2d at 426.  Third, a school board=s
decision is binding, and appeal is to the Commissioner of Education.  Tex.
Educ. Code Ann. '' 7.057, 21.301 (Vernon Supp. 2002).  Fourth, school boards have the power to
compel the attendance of employee witnesses for questioning in any manner.  Hernandez, 931 S.W.2d at 652.  School boards routinely hear the litigation
of issues in grievance and termination proceedings.  See Tex.
Educ. Code Ann. '' 21.159, 21.207 (Vernon 1996).  Finally, school boards are the final
authority in governing the schools in its district, including decisions
concerning finances, grievances, and personnel matters.  Tex.
Educ. Code Ann. '11.151(b) (Vernon 1996). 








We
conclude that appellant=s appeal of his discharge from employment
before the Robstown Independent School District Board of Trustees was a
quasi-judicial proceeding.  Therefore,
any statements, written or oral, made during the course of that proceeding are
absolutely privileged.  See Reagan,
166 S.W.2d at 912; Gallegos, 993 S.W.2d at 426; Rose, 907 S.W.2d
at 641.

Having
concluded that appellant=s proceeding before the School Board was
quasi-judicial, we must next determine whether appellee was acting in his
capacity as the School District=s attorney, within the due course of the
proceeding.  The summary judgment
evidence establishes that appellee, a licensed attorney in Texas, represented
the School District as its attorney at the proceeding before the School Board.

Appellant
complains of comments made by appellee during his closing argument to the
School Board.  Appellee=s
comments suggested that if the Board retained appellant in his current
position, the Texas Education Agency (ATEA@) could assume total control of the School
District because of the continued violation of TEA regulations.  Although arguably false and misleading, these
comments were published by appellee while acting in his capacity as counsel for
the School District during the course of a quasi-judicial proceeding.  Therefore, they have absolute privilege.  See James, 637 S.W.2d at 916; Reagan,
166 S.W.2d at 912; Gallegos, 993 S.W.2d at 426; Rose, 907 S.W.2d
at 641.  Accordingly, we hold the trial
court did not err in granting summary judgment on this ground.  Appellant=s first
point of error is overruled.

F.  Sanctions

By his
second point of error, appellant contends the trial court erred in assessing
Texas Rule of Civil Procedure 13 sanctions against him because the record
contains no evidence to support the sanctions.








A trial
court=s
decision to impose sanctions under Texas Rule of Civil Procedure 13 will not be
overruled on appeal, unless an abuse of discretion is shown.  Koslow=s v.
Mackie, 796 S.W.2d 700, 704 (Tex. 1990).  The test for determining whether a trial
court has abused its discretion is whether the court acted without reference to
any guiding rules and principles.  Home
Owners Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.BCorpus
Christi 1991, no writ).

Rule 13
authorizes a trial court to impose sanctions against an attorney, a represented
party, or both, who file a groundless pleading brought in bad faith or brought
for the purpose of harassment.  Tex. R. Civ. P. 13.  The rule defines Agroundless@ as
having Ano basis
in law or fact and not warranted by good faith argument for the extension,
modification, or reversal of existing law.@  Id.  In determining whether sanctions are appropriate,
the trial court must examine the facts available to the litigant and the
circumstances existing when the litigant filed the pleading.  Woodward v. Jaster, 933 S.W.2d 777,
782 (Tex. App.BAustin 1996, no writ).








Courts
must presume that pleadings, motions, and other papers are filed in good faith,
and the party moving for sanctions bears the burden of overcoming this
presumption.  Tex. R. Civ. P. 13; GTE Communications Sys. Corp. v.
Tanner, 856 S.W.2d 725, 731 (Tex. 1993). 
Rule 13 requires that the trial court provide notice and hold an
evidentiary hearing to make the necessary factual determinations about the
motives and credibility of the person filing the groundless pleading.  New York Underwriters Ins. Co. v. State
Farm Mut. Auto. Ins. Co., 856 S.W.2d 194, 205 (Tex. App.BDallas
1993, no writ); Scheppler, 815 S.W.2d at 888-89.  Without such a hearing, the trial court has
no evidence before it to determine that a pleading was filed in bad faith or to
harass.  New York Underwriters,
856 S.W.2d at 205.  Imposing sanctions
without the requisite notice and hearing also violates the requirements of due
process.  In re Bennett, 960
S.W.2d 35, 40 (Tex. 1997).

It is
undisputed that appellant had notice of appellee=s
request for sanctions.  Appellant
complains only that the record contains no evidence to support the sanctions
assessed against him and his attorney.

The
record reflects that immediately following the hearing on the motion for
partial summary judgment, the trial court asked appellee to present his motion
for sanctions.  Appellee=s
counsel then proceeded to argue about the contents of a letter attached to his
motion for sanctions which appellee had written to appellant=s
counsel.  See McCain v. NME Hosps.,
Inc., 856 S.W.2d 751, 757 (Tex. App.BDallas 1993, no writ) (reaffirming that
motions and arguments of counsel are not evidence in a rule 13 context).  In order for the trial court to consider
documents as evidence in a rule 13 context, they must be admitted in compliance
with the rules of evidence at the evidentiary hearing.  See Kugle v. DaimlerChrysler Corp.,
No. 04-00-00617-CV, 2002 Tex. App. LEXIS 2667, at *19 (San Antonio April 17,
2002, no pet. h.).  The letter was
neither offered nor admitted into evidence. 
Appellant presented no other evidence at the evidentiary hearing. 

Because
appellee presented no evidence at the sanctions hearing from which the trial
court could determine that appellant had filed his lawsuit in bad faith, we
hold the trial court abused its discretion in assessing rule 13 sanctions
against appellant and his attorney.  We
sustain appellant=s second point of error.

                                                                 G.  Conclusion








We
affirm the trial court=s order granting appellee=s motion
for summary judgment.  We reverse the
trial court=s
sanctions order and render judgment that appellee=s motion
for Texas Rule of Civil Procedure 13 sanctions is denied.

 

FEDERICO
G. HINOJOSA

Justice

 

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

22nd day of August, 2002.