NUMBER 13-98-626-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ENRIQUE L. GALLEGOS , Appellant,



v.




LILY G. ESCALON AND DAVID RODRIGUEZ , Appellees.

___________________________________________________________________



On appeal from the 332nd District Court

of Hidalgo County, Texas.


___________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey


 This is an interlocutory appeal from the trial court's second denial of appellant Enrique Gallegos's motion for summary
judgment on the basis of the affirmative defense of immunity. We reverse and render.

 Appellees Lily Escalon and David Rodriguez sued Gallegos for alleged defamatory statements made during a meeting of
the Donna Independent School District's Board of Trustees in July 1994. Gallegos was then superintendent of the school
district. While answering questions posed by the trustees in the course of an investigation of the use of a school district
credit card, he made reference to Escalon's and Rodriguez's knowledge of and acquiescence to Gallegos's decision to
procure a credit card in the school district's name. Escalon and Rodriguez held the offices of school board president and
vice-president, respectively, when Gallegos acquired the district credit card, but were no longer serving on the board in
1994, when the meeting in question took place. The existence and use of the credit card was a matter of some public
concern and the school board, exercising its authority in governing the financial affairs of the district, required Gallegos to
report on the credit card issue and other matters at a special public board meeting. 

 Having learned of Gallegos's statement before the school board, Escalon and Rodriguez filed suit. Gallegos moved for
summary judgment on the grounds of statutory immunity afforded to professional school employees performing
discretionary duties within the scope of their employment, and absolute immunity based on the quasi-judicial nature of the
proceedings before the school board.

 Though interlocutory orders are generally unappealable, civil practices and remedies code section 51.014 affords this Court
jurisdiction to consider this appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (Vernon Supp. 1999) (appeal from
order denying summary judgment based on assertion of immunity by employee of the state).

 To prevail on a summary judgment motion, a movant must establish that no genuine issue about any material fact exists
and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995) (per curiam); Hartman v. Urban, 946 S.W.2d 546, 548 (Tex. App.--Corpus Christi 1997, no writ). A
defendant who conclusively establishes all of the elements of an affirmative defense is entitled to a summary judgment. 
Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993); Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984);
Hartman, 946 S.W.2d at 548. In reviewing a summary judgment, we must accept as true evidence in favor of the
nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. Nixon v. Mr. Property
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Hartman, 946 S.W.2d at 548. When a trial court's order granting
summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary
judgment if any of the theories advanced are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Hartman,
946 S.W.2d at 548.

 A privilege to communicate may either be absolute or conditional. Hurlbut v. Gulf Atl. Life Ins. Co., 749 S.W.2d 762, 768
(Tex. 1987). A conditional privilege is defeated when it is abused (such as making defamatory statements one knows to be
false), whereas an absolute privilege confers immunity regardless of motive. Id. Absolute immunity attaches in those
situations that involve the administration of the functions of the branches of government. Id.

 All communications, oral or written, made in the due course of a judicial proceeding are absolutely privileged. James v.
Brown, 637 S.W.2d 914, 916 (Tex. 1982); Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909 (1941);Rose v.
First Am. Title Ins. Co., 907 S.W.2d 639, 641 (Tex. App.--Corpus Christi 1995, no writ). Judicial immunity is intended to
protect the integrity of the process itself and to insure that the decision-making body gets the information it needs, whether
the speaker deserves the privilege or not. See Reagan, 166 S.W.2d at 912. The fact that the privilege attaches to the
proceeding rather than the speaker distinguishes this protection from other privileges. See Supreme Ct. of Va. v.
Consumers Union of the U. S., 446 U.S. 719, 730-31 (1980) (legislative immunity: individual legislators, acting in the
sphere of legitimate legislative activity are absolutely immune from civil liability); Barr v. Matteo, 360 U.S. 564, 568
(1959) (executive immunity: a governor or other superior executive officer of a state acting in performance of his official
duties is absolutely immune); Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994) (official immunity protects individual
government officers from liability in performing discretionary duties in good faith within the scope of their authority).

 Judicial immunity extends to statements made in quasi-judicial proceedings before governmental executive officers,
boards, and commissions which exercise quasi-judicial powers. Reagan, 166 S.W.2d at 912; see also Ramirez v. Texas
State Bd. Of Med. Exam'rs, 927 S.W.2d 770 (Tex. App.--Austin 1996, no writ) (absolute immunity applied to the Texas
State Board of Medical Examiners); Hernandez v. Hayes, 931 S.W.2d 648 (Tex. App.--San Antonio 1996, writ denied)
(school board grievance process hearing); Lane v. Port Terminal R.R. Ass'n., 821 S.W.2d 623 (Tex. App.--Houston [14th
Dist.] 1991, writ denied) (National Railroad Labor Board, Special Board of Adjustment proceedings); Aransas Harbor
Terminal Ry. Co. v. Taber, 235 S.W. 841 (Tex. Comm. App. 1921) (Texas Railroad Commission proceedings); Town of S.
Padre Island v. Jacobs, 736 S.W.2d 134, 143-44 (Tex. App.--Corpus Christi 1986, writ denied) (proceedings before
municipal board of aldermen).

 As stated in Hernandez, the rationale for extending an absolute privilege to quasi-judicial proceedings rests in the public
policy consideration that every citizen should have the unqualified right to appeal to the agencies of government for redress
"without the fear of being called to answer in damages" and that the administration of justice will be better served if
"witnesses are not deterred by fear of lawsuits." Hernandez, 931 S.W.2d at 651; see Attaya v. Shoukfeh, 962 S.W.2d 237,
239 (Tex. App.--Amarillo 1998, pet. denied). The privilege protects the public interest by shielding responsible
government officials against harassment and inevitable hazards of vindictive or ill-founded damage suits brought on
account of actions taken in the exercise of their official responsibilities, even though, at times, it may result in individual
citizens suffering pecuniary loss as a result of oppressive or malicious actions by government officials. Jacobs, 736
S.W.2d at 144 (citing Barr, 360 U.S. at 565). The extension of absolute privilege gives individuals involved in
quasi-judicial proceedings the same latitude and freedom of expression as the doctrine of governmental immunity gives the
governmental body itself. Id.

 A quasi-judicial power has been described as the power to investigate and to draw conclusions from such investigation,
Parker v. Holbrook, 647 S.W.2d 692, 695 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.), or the authority to redress
grievances. McAfee v. Feller, 452 S.W.2d 56, 57-58 (Tex. Civ. App.--Houston [14th Dist.] 1970, no writ).

 In Jacobs, this Court identified at least six powers that would be indicative of whether a governmental body was acting in
a quasi-judicial capacity: 1) the power to exercise judgment and discretion; 2) the power to hear and determine or to
ascertain facts and make decisions; 3) the power to make binding orders and judgments; 4) the power to affect the personal
or property rights of private persons; 5) the power to examine witnesses, to compel the attendance of witnesses, and to hear
the litigation of issues on a hearing; or 6) the power to enforce decisions or impose penalties. Jacobs, 736 S.W.2d at 144. 
Not all these powers need be vested in the governmental body. Id.

 In determining whether the school board proceeding at which Gallegos made his statement qualifies as quasi-judicial, we
consider which powers outlined in Jacobs the school board exercised. Our analysis is similar to that made by the
Hernandez court when considering the powers exercised at a school board grievance hearing. First, as the Hernandez court
noted, the education code confers on a school board the power to exercise judgment and discretion in managing its district
by its grant of the "exclusive power and duty to govern and oversee the management" of the district public schools. Tex.
Educ. Code Ann. § 11.151(b) (Vernon 1996); Hernandez, 931 S.W.2d at 652. Second, in exercising its authority to
govern, the school board clearly possess the power to "hear evidence and ascertain facts," that is, to investigate, in order to
guide its actions. The Donna board's questions to Superintendent Gallegos regarding the necessity, history, and use of a
school district credit card constituted an exercise of this power. Third, the Hernandez court noted that the power to make
binding orders and judgments co-exists with the power to ascertain facts and make decisions. Hernandez, 931 S.W.2d at
652. We hold that observation is true in this situation as well. Fourth, the power to affect the personal property rights of
private persons was not evidently invoked during the hearing in question. To the extent that such power exists, the
question has been answered affirmatively in Hernandez. Id. The record before us does not contain sufficient information
for us to determine whether the board could or did exercise this power during the hearing in question. Fifth, the Hernandez
court observed that school boards have the power to compel the attendance of employee witnesses for questioning in any
matter, and can do so as a condition of employment. School boards routinely hear the litigation of issues in grievance and
termination hearings, as well as any other due process hearing. Id. SeeTex. Educ. Code Ann. §§ 21.159, 21.207, 37.009
(Vernon 1996). School boards can dismiss or otherwise discipline employees who give false statements in their testimony
before the board or in any other capacity in the employment context. Giving false testimony or other false information
would constitute good cause for termination. Hernandez, 931 S.W.2d at 652-53. Sixth and finally, school boards have the
power to enforce their decisions. The board is the final authority in governance of the schools in its district. All financial
questions, as that under consideration in the hearing at issue, rest with the sound discretion of the board, as do all grievance
and personnel decisions. Tex. Educ. Code Ann. § 11.151 (Vernon 1996).

 We conclude the hearing before the school board was quasi-judicial in nature and Gallegos is absolutely immune with
respect to his answers to questions posed by the board members in the course of investigating the purpose and wisdom of a
credit card issued for the superintendent's use.

 The trial court erred in failing to grant Gallegos's motion for summary judgment. Because our resolution of this issue is
dispositive, we need not address Gallegos's remaining arguments. Tex. R. App. P. 47.1. The judgment of the trial court is
REVERSED and we RENDER judgment that Escalon and Rodriguez take nothing of appellant.



 ______________________________

J. BONNER DORSEY,

Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 6th day of May, 1999.