Jesus **ALEJANDRO**, Appellant,

v.

John D. **BELL**, Appellee.

No. 13–01–00266–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 22, 2002.

Victor C. Hernandez, Robstown, William J. Kolb, Alice, for Appellant.

Annette L. Smith Chepey, Frederick J. McCutchon, Robert C. Wolter, Wood, Boykin & Wolter, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

This is an appeal from the trial court's order granting the motion for partial summary judgment of appellee, John D. Bell. By five points of error, appellant, Jesus Alejandro, contends the trial court erred in: (1) granting the motion for summary judgment and dismissing his lawsuit; (2) assessing sanctions against him because there is no evidence to support the sanctions; (3) refusing to rule on his objections to the summary judgment evidence; (4) refusing to rule on his special exceptions; and (5) granting the motion for summary judgment because it failed to specify the grounds. We affirm the trial court's summary judgment. We reverse the trial court's sanctions order and render judgment that appellee's motion for Texas Rule of Civil Procedure 13 sanctions is denied.

### A. BACKGROUND

Appellant was employed by the Robstown Independent School District ("School District") as the Assistant Superintendent for Business and Finance. The School District terminated appellant's employment contract for the following reasons: (1) the issues raised in a Texas Education Agency Investigative Report; (2) the use of School District property for personal business; (3) the use of a School District computer to visit inappropriate Internet sites; and (4) the use of unauthorized telephone recording equipment. Appellant appealed his termination to the School District Board of Trustees ("Board"). The Board heard the appeal during a contested hearing held on October 29, 1999. Appellee was the School District's attorney at the hearing. The Board voted to uphold appellant's termination. After the termination was upheld by the Commissioner of Education, appellant sued the School District, the Superintendent, and certain Board members under the Texas Whistleblower Act, for wrongful termination. Appellant also sued appellee for misrepresentation.

Appellee filed a motion for partial summary judgment, asserting absolute privilege. As summary judgment evidence, appellee attached his own affidavit and relevant portions of the administrative record. On December 15, 2000, the trial court granted the motion for summary judgment, without stating its reasons. The court severed the case, making the summary judgment final for appeal purposes. Further, the trial court assessed Texas Rule of Civil Procedure 13 sanctions against appellant and his attorney in the amount of $1,500.00.

### B. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

By his third point of error, appellant contends the trial court erred by refusing to rule on his objections to appellee's summary judgment evidence.

As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion, and (2) the trial court

either expressly or implicitly ruled on the objection or refused to rule with the complaining party objecting to the refusal. *Columbia Rio Grande Reg'l Hosp. v. Stover,* 17 S.W.3d 387, 395 (Tex.App.-Corpus Christi 2000, no pet.). No written order overruling the objection is necessary if the record reflects that the trial court ruled on the party's objections, either explicitly or implicitly. *Id.* at 395–96.

■ The record shows the trial court refused to rule on appellant's objections to appellee's summary judgment evidence. Appellant complained in his motion for new trial of the trial court's refusal to rule. We hold appellant has preserved this complaint for our review. *Id.* at 395.

■ The admission or exclusion of summary judgment evidence rests in the sound discretion of the trial court. *Creative Thinking Sources, Inc. v. Creative Thinking, Inc.,* 74 S.W.3d 504, 514 (Tex. App.-Corpus Christi 2002, no pet. h.). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). If the trial court acts in an arbitrary or unreasonable manner, it abuses its discretion. *Id.* That a trial court may decide a matter within its discretionary authority in a different manner than the appellate court does not demonstrate an abuse of discretion. *Id.*

■ To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, setting forth such facts as would be admissible in evidence, and must affirmatively show that the affiant is competent to testify to matters stated therein. Tex.R. Civ. P. 166a(f); *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996). A summary judgment may be based on uncontroverted evidence

if that evidence is clear, positive, direct, free from contradictions and could have been readily controverted. Tex.R. Civ. P. 166a(c); *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989); *Montemayor v. Chapa,* 61 S.W.3d 758, 762 (Tex.App.-Corpus Christi 2001, no pet.). Affidavits supporting a motion for summary judgment must set forth facts, not legal conclusions. *Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex.,* 64 S.W.3d 506, 514 n. 6 (Tex.App.-Corpus Christi 2001, pet. denied). Statements based on subjective beliefs are no more than conclusions and are not competent summary judgment evidence. *Tex. Div.-Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994).

Appellant specifically objected to the following two paragraphs in appellee's affidavit as being global and conclusory:

At all times since the commencement of the termination proceedings against Jesus Alejandro on or about August 26, 1999, I have been acting as attorney for Robstown Independent School District. All acts I have taken regarding the termination of Jesus Alejandro, and any statements I have made on that topic, have been in furtherance of my representation of Robstown Independent School District, either in a judicial or quasi-judicial proceeding, or in contemplation of such a proceeding.

\* \* \* \* \* \*

At all relevant times, any statements of fact that I have made on the topic of the Plaintiff's termination have been truthful and have been made in good faith and without ill will or malice of any kind. Any arguments I presented were made in the same way based on the applicable law and administrative regulations. This includes specifically all of my statements and conduct in the above-mentioned evidentiary hearing on October 25, 1999. As an attorney, it was my

duty to advocate the position of Robstown Independent School District regarding the Jesus Alejandro termination.

After reviewing these two paragraphs, we conclude the first three sentences of the second paragraph are based on appellee's subjective belief and are not competent summary judgment evidence. *See id.* However, the remaining portions of these two paragraphs and the remaining portions of appellee's affidavit are competent summary judgment evidence.

Appellee's statements that he represents the School District as their attorney, and has represented the School District at all times since the commencement of the termination proceedings against appellant, establishes his competence to testify regarding the events prior to and during the proceeding at issue. Further, his personal knowledge as an attorney for the School District establishes his competence to testify regarding his representation of the School District. *See Hood*, 924 S.W.2d at 122. Finally, the facts set forth in the affidavit are admissible evidence. *See Larson*, 64 S.W.3d at 512.

■■■■ We may not reverse for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1; *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998). The admission of incompetent evidence does not require reversal of a judgment if there is competent evidence to authorize its rendition. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 450 (Tex.1982). After reviewing the competent summary judgment evidence in appellee's affidavit, we conclude that any error by the trial court in refusing to rule on appellant's objections to the affidavit was harmless. Tex.R.App. P. 44.1; *see Gillespie*, 644 S.W.2d at 450. We overrule appellant's third point of error.

### C. Special Exceptions

■■■■ By his fourth point of error, appellant contends the trial court erred by refusing to rule on his special exceptions to appellee's pleadings.

■■■■ The effect of the trial court not ruling specifically on the special exceptions, and granting the motion for partial summary judgment, was to overrule them. *See Barnard v. Mecom*, 650 S.W.2d 123, 125 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.). The trial court has broad discretion in ruling on special exceptions, and its ruling will not be disturbed in the absence of a showing of abuse of that discretion. *See Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 508 (Tex.App.-Corpus Christi 1992, no writ); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.).

We have reviewed the special exceptions and conclude they are without merit. In his original answer and motion for partial summary judgment, appellee clearly identifies his affirmative defense of absolute privilege. Further, appellant has failed to show an abuse of discretion by the trial court. Thus, any error by the trial court in failing to rule on the special exceptions was harmless. Tex.R.App. P. 44.1(a); *see Barnard*, 650 S.W.2d at 125. Appellant's fourth point of error is overruled.

### D. Grounds for Summary Judgment

■■■■ By his fifth point of error, appellant contends the trial court erred in granting appellee's motion for summary judgment because it does not specify the grounds as required by Texas Rule of Civil Procedure 166a(c).

■■■■ Texas Rule of Civil Procedure 166a(c) requires a motion for summary judgment to expressly state the specific

grounds on which it is made. TEX.R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993); *McCord v. Dodds,* 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet. denied). In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *McConnell,* 858 S.W.2d at 341; *McCord,* 69 S.W.3d at 232.

After reviewing appellee's motion for partial summary judgment, we hold the grounds for summary judgment referenced in the motion are sufficiently clear. *See McConnell,* 858 S.W.2d at 341. Appellee's motion expressly identifies the affirmative defense of absolute privilege as its grounds, details facts which entitle appellee to the privilege, and refers the trial court to the attached summary judgment evidence to prove the privilege. Appellant's fifth point of error is overruled.

### E. SUMMARY JUDGMENT

 By his first point of error, appellant contends the trial court erred in granting appellee's motion for partial summary judgment and dismissing his lawsuit with prejudice. Specifically, appellant complains of comments made by appellee during his closing argument to the Board. Appellant asserts there is a factual question as to appellee's role or capacity at the proceeding and whether appellee knew his statements to the Board concerning appellant were false at the time he made them. Appellee claims the affirmative defense of absolute privilege.

#### 1. *Standard of Review*

 We review the trial court's grant of a traditional motion for summary judgment *de novo. See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa,* 28 S.W.3d 723, 726 (Tex.

App.-Corpus Christi 2000, pet. denied). In reviewing a summary judgment, we must determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action or whether the defendant has established all elements of his affirmative defense. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Crain v. Smith,* 22 S.W.3d 58, 59 (Tex.App.-Corpus Christi 2000, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made, and all doubts resolved, in his favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense. *Velsicol Chem. Corp. v. Winograd,* 956 S.W.2d 529, 530 (Tex.1997). The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000).

 When the trial court's order does not specify the grounds relied on for the ruling, the summary judgment will be affirmed if any of the theories advanced in the motion are meritorious. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex. 1989).

#### 2. *Absolute Privilege*

 Texas courts have long recognized that an absolute privilege extends to judicial proceedings, *i.e.,* any statement, oral or written, made in the due course of a judicial proceeding are absolutely privileged and cannot constitute the basis for a defamation action, or any other civil action. *James v. Brown,* 637 S.W.2d 914, 916 (Tex.

1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). This absolute privilege extends to any statement made by the judges, jurors, counsel, parties or witnesses, even to statements made negligently or with malice. *James*, 637 S.W.2d at 916; *see also Zarate v. Cortinas*, 553 S.W.2d 652, 655 (Tex.Civ.App.-Corpus Christi 1977, no writ) (privilege applies to statements that are false or irrelevant to the proceeding).

This privilege also applies to proceedings before executive officers, and boards and commissions which exercise quasi-judicial powers. *Rose v. First Am. Title Ins. Co.*, 907 S.W.2d 639, 641 (Tex. App.-Corpus Christi 1995, no writ) (citing *Reagan*, 166 S.W.2d at 912). This Court has identified at least six powers which indicate that a governmental body is acting in a quasi-judicial capacity: (1) the power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and make decisions; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) the power to enforce decisions or impose penalties. *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 144 (Tex. App.-Corpus Christi 1986, writ denied). Not all of these powers need be vested in the governmental body to qualify for the quasi-judicial proceeding privilege. *Id.*

In *Gallegos v. Escalon*, this Court determined that a proceeding before the Donna Independent School District's Board of Trustees, investigating the use of a school credit card was quasi-judicial in nature. *Gallegos*, 993 S.W.2d 422, 426 (Tex.App.-Corpus Christi 1999, no pet.). In so holding, we adopted the analysis of the San Antonio Court of Appeals in *Hernandez v. Hayes*. *See Hernandez*, 931 S.W.2d 648, 654 (Tex.App.-San Antonio 1996, writ denied) (holding that a Texas school board grievance process hearing is a quasi-judicial proceeding).

Our analysis here is similar to our analysis in *Gallegos*. First, the education code confers on a school board the power to exercise judgment and discretion in managing its district by granting it the "exclusive power and duty to govern and oversee the management" of the district schools. TEX. EDUC.CODE ANN. § 11.151(b) (Vernon 1996). Second, in exercising its authority to govern, the school board possesses the power to hear evidence, ascertain facts, and make decisions. *Gallegos*, 993 S.W.2d at 426. Third, a school board's decision is binding, and appeal is to the Commissioner of Education. TEX. EDUC.CODE ANN. §§ 7.057, 21.301 (Vernon Supp.2002). Fourth, school boards have the power to compel the attendance of employee witnesses for questioning in any manner. *Hernandez*, 931 S.W.2d at 652. School boards routinely hear the litigation of issues in grievance and termination proceedings. *See* TEX. EDUC.CODE ANN. §§ 21.159, 21.207 (Vernon 1996). Finally, school boards are the final authority in governing the schools in its district, including decisions concerning finances, grievances, and personnel matters. TEX. EDUC.CODE ANN. § 11.151(b) (Vernon 1996).

We conclude that appellant's appeal of his discharge from employment before the Robstown Independent School District Board of Trustees was a quasi-judicial proceeding. Therefore, any statements, written or oral, made during the course of that proceeding are absolutely privileged. *See Reagan*, 166 S.W.2d at 912; *Gallegos*, 993 S.W.2d at 426; *Rose*, 907 S.W.2d at 641.

Having concluded that appellant's proceeding before the School Board was quasi-judicial, we must next determine wheth-

er appellee was acting in his capacity as the School District's attorney, within the due course of the proceeding. The summary judgment evidence establishes that appellee, a licensed attorney in Texas, represented the School District as its attorney at the proceeding before the School Board.

Appellant complains of comments made by appellee during his closing argument to the School Board. Appellee's comments suggested that if the Board retained appellant in his current position, the Texas Education Agency ("TEA") could assume total control of the School District because of the continued violation of TEA regulations. Although arguably false and misleading, these comments were published by appellee while acting in his capacity as counsel for the School District during the course of a quasi-judicial proceeding. Therefore, they have absolute privilege. *See James,* 637 S.W.2d at 916; *Reagan,* 166 S.W.2d at 912; *Gallegos,* 993 S.W.2d at 426; *Rose,* 907 S.W.2d at 641. Accordingly, we hold the trial court did not err in granting summary judgment on this ground. Appellant's first point of error is overruled.

## F. Sanctions

By his second point of error, appellant contends the trial court erred in assessing Texas Rule of Civil Procedure 13 sanctions against him because the record contains no evidence to support the sanctions.

A trial court's decision to impose sanctions under Texas Rule of Civil Procedure 13 will not be overruled on appeal, unless an abuse of discretion is shown. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). The test for determining whether a trial court has abused its discretion is whether the court acted without reference to any guiding rules and principles. *Home Owners Funding Corp.*

*of Am. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.-Corpus Christi 1991, no writ).

Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. Tex.R. Civ. P. 13. The rule defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* In determining whether sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Woodward v. Jaster,* 933 S.W.2d 777, 782 (Tex.App.-Austin 1996, no writ).

Courts must presume that pleadings, motions, and other papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. Tex.R. Civ. P. 13; *GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 731 (Tex.1993). Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading. *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 856 S.W.2d 194, 205 (Tex.App.-Dallas 1993, no writ); *Scheppler,* 815 S.W.2d at 888–89. Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass. *New York Underwriters,* 856 S.W.2d at 205. Imposing sanctions without the requisite notice and hearing also violates the requirements of due process. *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997).

It is undisputed that appellant had notice of appellee's request for sanctions. Appellant complains only that the record contains no evidence to support the sanc-

tions assessed against him and his attorney.

The record reflects that immediately following the hearing on the motion for partial summary judgment, the trial court asked appellee to present his motion for sanctions. Appellee's counsel then proceeded to argue about the contents of a letter attached to his motion for sanctions which appellee had written to appellant's counsel. *See McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex.App.-Dallas 1993, no writ) (reaffirming that motions and arguments of counsel are not evidence in a rule 13 context). In order for the trial court to consider documents as evidence in a rule 13 context, they must be admitted in compliance with the rules of evidence at the evidentiary hearing. *See Kugle v. DaimlerChrysler Corp.*, 2002 WL 1905225, *6, No. 04–00–00617–CV, 2002 Tex.App. LEXIS 2667, at *19 (San Antonio Aug. 21, 2002, no pet. h.). The letter was neither offered nor admitted into evidence. Appellant presented no other evidence at the evidentiary hearing.

Because appellee presented no evidence at the sanctions hearing from which the trial court could determine that appellant had filed his lawsuit in bad faith, we hold the trial court abused its discretion in assessing rule 13 sanctions against appellant and his attorney. We sustain appellant's second point of error.

### G. CONCLUSION

We affirm the trial court's order granting appellee's motion for summary judgment. We reverse the trial court's sanctions order and render judgment that appellee's motion for Texas Rule of Civil Procedure 13 sanctions is denied.