NUMBER 13-02-697-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      
 
ALFRED MARTINEZ,                                                                  Appellant,

v.

WILSON PLAZA ASSOCIATES, L.P. 
AND ALLIED WASTE SYSTEMS, INC.,                                     Appellees.
                                                                                                                                      

On appeal from the 117th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza 
Memorandum Opinion by Justice Garza

          Alfred Martinez appeals from a summary judgment declaring that he take nothing
in his cause of action against Allied Waste Systems, Inc. In four issues, Martinez contends
that the district court erred in granting Allied’s motion for summary judgment. Martinez also
has filed a motion to determine appellate jurisdiction. We conclude that we do have
jurisdiction over this appeal and that the trial court erred in denying Martinez’s special
exceptions. We reverse and remand.
Factual and Procedural Background
          Martinez was injured by an allegedly defective latch handle on a garbage dumpster
owned by his employer, USA Waste of Texas, Inc. The dumpster was being leased by
Wilson Plaza Associates, L.P. Martinez initially sued Wilson Plaza for negligence and
strict liability, later adding Allied, a previous owner of the dumpster, as a defendant. Allied
had sold the dumpster to USA Waste two years earlier as part of a bulk sale of all its
assets in Nueces County. Allied acquired the dumpster when it purchased another waste
company, Laidlaw Waste Systems, Inc., and had then leased the dumpster to Wilson
Plaza as part of its waste collection and disposal service before selling it to USA Waste. 
          After Martinez filed his suit, both Wilson Plaza and Allied filed motions for summary
judgment. Reliance National Insurance Company, Martinez’s workers’ compensation
provider, then filed a plea in intervention. It sought reimbursement out of any recovery by
Martinez against Wilson Plaza or Allied for medical and indemnity benefits it paid to
Martinez. Martinez then filed his third amended petition, in which he continued to assert
his original claims of negligence and strict liability, and added claims regarding Allied’s
relationship with Laidlaw. Specifically, Martinez asserted that Allied was liable for the
tortious acts of Laidlaw as its successor and that Laidlaw’s name change to Allied was
merely a sham to perpetrate a fraud, such that Allied should be liable as the alter ego of
Laidlaw. This had the effect of adding four new claims against Allied: (1) Allied is liable
for the negligence of Laidlaw as its successor; (2) Allied is strictly liable for the acts of
Laidlaw as its successor; (3) Allied is liable for Laidlaw’s negligence because Allied is the
alter ego of Laidlaw; and (4) Allied faces strict liability for the acts of Laidlaw because Allied
is the alter ego of Laidlaw. 
          The trial court granted Wilson Plaza’s summary judgment motion and severed
Wilson Plaza’s claims. The court then ordered Martinez take nothing against Allied,
granting its motion for summary judgment. Martinez filed a motion to determine appellate
jurisdiction and an appeal of the trial court’s judgment in four issues. 
Appellate Jurisdiction
          We first address Martinez’s motion to determine appellate jurisdiction, in which he
asserts that the take-nothing judgment is not a final appealable order as it does not
dispose of all parties and claims, making it interlocutory. 
          Unless otherwise statutorily authorized, an appeal may be made only from a final
judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (Vernon 1997 &
Supp. 2004). A judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record, except as necessary to carry out the decree. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Language that the plaintiff take nothing by
his claims in the case shows finality if there are no other claims by other parties. Id. at 205;
see also Ritzell v. Espeche, 87 S.W.3d 536, 538 (Tex. 2002) (per curiam). 
          A judgment that grants more relief than a party is entitled to is subject to reversal,
but it is not, for that reason alone, interlocutory. Lehmann, 39 S.W.3d at 200; see also
Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 276-77 (Tex. 1996). Specifically, an
order granting a motion for summary judgment that addresses all of the plaintiff’s claims
when it was filed but does not address claims timely added by amendment after the motion
was filed may state unequivocally that final judgment is rendered that the plaintiff take
nothing by his suit. Lehmann, 39 S.W.3d at 204. 
          Martinez claims that the judgment of the court is incomplete because it did not
dispose of Reliance National and because Allied’s motion for summary judgment did not
address the claims of successor liability and alter ego that Martinez added to his amended
petition after Allied’s motion was filed. The trial court’s order read, “[I]t is accordingly
ordered that the Motion for Summary Judgment of Allied Waste Systems, Inc. should be,
and it is hereby, granted, and Plaintiff, Alfred Martinez, shall take nothing against
Defendant Allied Waste Systems, Inc., and costs are taxed against Plaintiff.” While this
judgment did not mention Reliance National’s claim, it did moot this claim, as Reliance
National made no unique allegations against Allied but rather expressly adopted and
incorporated Martinez’s allegations. See Franks v. Sematech, Inc., 936 S.W.2d 959, 960
(Tex. 1997) (“There is but one cause of action for an employee’s injuries, and it belongs
to the employee . . . . [An insurance] carrier who asserts a subrogation claim asserts a
claim that belongs to the employee.”) (citations omitted). Once Martinez’s claim was
dismissed, Reliance National had no further claim to pursue. Also, the fact that the trial
court rendered judgment on more claims than were actually requested by Allied, as the
order incorporated Martinez’s new successor liability and alter ego claims into the
judgment, does not detract from the finality of the judgment. See Lehmann, 39 S.W.3d at
204. 
          We therefore deny Martinez’s motion contesting appellate jurisdiction and conclude
that the trial court’s order provided a final judgment appealable to this Court, as it
conclusively dismissed all of Martinez’s claims against Allied and mooted the claim of
Reliance National. II. Special Exceptions
          By his first issue on appeal, Martinez complains that he did not have fair notice of
the nature of the motion for summary judgment. He claims that Allied’s motion did not
clearly specify whether it was a no-evidence or traditional motion for summary judgment. 
See Tex. R. App. P. 166a(a), (i). Martinez filed special exceptions with the trial court,
arguing that the motion was vague and unclear. The trial court did not explicitly rule on the
special exceptions prior to granting Allied’s summary judgment. Now on appeal, Martinez
argues that because the trial court did not rule on his special exceptions, the vagueness
of Allied’s motion forced him to respond without fair notice of his burdens, and that he was
unfairly forced to marshal his proof on all elements of his cause of action. 
          We interpret Martinez’s argument as a complaint that the trial court erred by refusing
to rule on his special exceptions. When a court does not rule specifically on special
exceptions to a motion for summary judgment but does grant the summary judgment
motion, the special exceptions are treated as having been effectively overruled. See
Alejandro v. Bell, 84 S.W.3d 383, 389 (Tex. App.–Corpus Christi 2002, no pet.). The trial
court has broad discretion in ruling on special exceptions, and its ruling will not be
disturbed absent an abuse of discretion. Id. In summary judgment proceedings, special
exceptions are intended to ensure that the parties and the court are focused on the same
grounds. See McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342-43 (Tex.
1993). 
          Martinez’s special exceptions were intended to clarify the burden he had to face as
the non-movant in a summary judgment proceeding, as Allied’s motion was ambiguous as
to whether it was intended as a no-evidence or traditional summary judgment motion. The
distinction between a traditional and no-evidence summary judgment is critical, as the
failure to clarify between the two types of motions has the potential to improperly shift the
burden of proof or greatly increase the burden on the responding party. See Hamlett v.
Holcomb, 69 S.W.3d 813, 819 (Tex. App.–Corpus Christi 2002, no pet.); Michael v. Dyke,
41 S.W.3d 746, 750 (Tex. App.–Corpus Christi 2001, no pet.). In a traditional summary
judgment, the burden of proof falls on the movant, who must establish as a matter of law
that there is no genuine issue of material fact as to one or more of the essential elements
of the non-movant’s cause of action. Pech v. Estate of Tavarez, 112 S.W.3d 282, 285
(Tex. App.–Corpus Christi 2003, no pet.). The non-movant’s failure to answer or respond
does not by default supply the summary judgment proof necessary to establish the
movant’s claim. McConnell, 858 S.W.2d at 343. However, in a no-evidence summary
judgment motion, the non-movant is required to produce evidence sufficient to raise a
genuine issue of material fact. See Tex. R. Civ. P. 166a(i). The non-movant’s failure to
respond to a no-evidence motion is fatal. See Michael, 41 S.W.3d at 751. In either case,
the purpose of summary judgments is not to unfairly deprive a party of his right to trial by
jury, but only to eliminate patently unmeritorious claims and untenable defenses. City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979); Taub v. Aquila
Southwest Pipeline Corp., 93 S.W.3d 451, 462 (Tex. App.–Houston[14th Dist.] 2002, no
pet.). 
          The record establishes that Allied’s motion for summary judgment was ambiguous
as to whether it was a traditional or no-evidence motion. While it claimed that there was
“no evidence” in support of Martinez’s negligence claim, it did not otherwise appear to
comply with rule 166a(i). Allied also attached evidence to its motion. Although a trial court
is supposed to treat ambiguous motions under the traditional summary judgment standard
when it is not readily apparent that a no-evidence ruling is sought, see Hamlett, 69 S.W.3d
at 819, parties cannot now safely assume that attaching evidence to a summary judgment
motion guarantees its treatment as a traditional motion. See Binur v. Jacobo, 135 S.W.3d
646, 651 (Tex. 2004) (“We disapprove of decisions that hold or imply that, if a party
attaches evidence to a motion for summary judgment, any request for summary judgment
under rule 166a(i) will be disregarded.”).
          Martinez attempted to clarify his burden by raising special exceptions in his
response to Allied’s motion for summary judgment. At the summary judgment hearing, the
judge indicated that he had not read this response: “I’ll tell you that I see the new judges
coming along and the younger ones can handle this stuff, but I can’t keep up with it, and
so I couldn’t find the motion, that’s the upshot.” Following the hearing, counsel for Martinez
sent several letters to the court urging it to read and rule on the special exceptions, and
Martinez filed an objection to the proposed granting of the motion for summary judgment
and a request for rulings on his special exceptions. The trial court failed to respond and
ultimately granted Allied’s motion without specifying the grounds on which it relied.
          Because the trial court did not grant Martinez’s special exceptions, he was forced
to respond to the vague motion for summary judgment without fair notice of his burdens. 
He did not know which standard was to be used for each claim, and therefore he was
unable to present an adequate defense of the claims in the summary judgment motion, as
he could not anticipate in advance the burden of proof he would be facing. 
          Allied assures us that Martinez was not in fact injured by this confusion, as he was
able to participate in the summary judgment hearing and file both a response and an
appeal. However, we disagree with Allied’s assertion. Martinez clearly indicated to the trial
court that he did not understand his burdens based on Allied’s motion, and he repeatedly
requested clarification. Had Martinez been made aware of the nature of the motion, he
could have effectively prepared to defend against it. The trial court’s failure to act,
however, denied him this opportunity. We conclude that the trial court abused its discretion
in refusing to rule on Martinez’s special exceptions. See Alejandro, 84 S.W.3d at 389. 
Because we find that, in this case, the trial court’s error probably caused the rendition of
an improper judgment, we reverse the judgment of the trial court and remand for
proceedings consistent with this opinion. Tex. R. App. P. 44.1(a).
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Memorandum Opinion delivered  
and filed this the 31st day of August, 2004.