

NUMBER 13-12-00096-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAMIRO HERNANDEZ                                                                 Appellant,

v.

JAIME GARCIA, MIS TRES
PROPERTIES, LLC. AND STEVE DECK,                                    Appellee.

### On appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Ramiro Hernandez, appeals a final summary judgment granted in favor of appellees, Jaime Garica, Mis Tres Properties, LLC, and Steve Deck. We reverse and remand in part and affirm in part.

# I. BACKGROUND

This case arises out of a 2003 sale of real estate in Starr County, Texas. Mis Tres Properties, a limited liability company, owned by appellee Garcia, executed a $70,000 promissory note and deed of trust (separate documents executed on the same day) in favor of appellant in exchange for appellant's removal of a lien he held against certain real property Mis Tres was attempting to sell to a third party. The note was to be paid out of the proceeds of the sale. The Law Office of John King ("King") drew up the paperwork. The deed of trust listed Steve Deck, an employee of both King and Qualified Intermediary ("Qualified"), as trustee.

In 2009, following his release from federal prison, appellant filed suit against Garcia, Mis Tres Properties, King, Qualified and Deck for assumpsit, conversion, and fraud after he did not receive the $70,000 after the sale closed. In addition, appellant alleged a cause of action against Garcia and Mis Tres for breach of contract. Appellant also alleged a cause of action against Deck for breach of fiduciary duty. Appellant further alleged that King and Qualified were vicariously liable for Deck's actions.[1] Appellant pleaded the discovery rule as grounds for bringing the suit despite the statute of limitations. King, Qualified, Deck, and Garcia filed joint motions for summary judgment. The trial court granted both motions and subsequently granted Garcia and Deck's motion for severance.[2] This appeal followed.

---

[1] The specific claims asserted against each defendant changed somewhat during the course of the litigation. We take this list of claims from appellant's Third Amended Petition, his live petition.

[2] We decide the issues related to King and Qualified's motion for summary judgment today in a companion case, *Hernandez v. King*, No. 13-12-095-CV.

2

## II. ANALYSIS

### A. Standard of Review

We review the trial court's grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). We take as true all evidence that is favorable to the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the non-moving party. *Provident*, 128 S.W.3d at 215; *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The moving party has the burden to show that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a; *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). Summary judgment is proper if the movant disproves at least one element of each of plaintiff's claims or affirmatively establishes each element of an affirmative defense. *Ortega*, 97 S.W.3d at 772 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)).

In a no-evidence summary judgment motion, the moving party contends that the nonmovant has produced no evidence to support at least one element of a particular claim for which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *See Ortega*, 97 S.W.3d at 772. Unlike with a traditional motion, the adverse party must respond with evidence, but it is not required to "marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt. We review "the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Merrell Dow Pharms. Inc. v.*

3

*Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment motion must be reversed if the non-movant brought forth "more than a scintilla of probative evidence on each challenged element of his claim." *Midwest v. Harpole*, 293 S.W.3d 770, 775 (Tex. App.—San Antonio 2009, no pet.). More than a scintilla of evidence exists where there is enough evidence to "enable reasonable and fair minded people to differ in their conclusions." *King Ranch*, 118 S.W.3d at 751; *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App.—Corpus Christi 1999, no pet.). Less than a scintilla creates only a surmise or suspicion of the existence of a fact. *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms.*, 953 S.W.2d at 711); *In re Estate of Schiwetz*, 102 S.W.3d 355, 361–62 (Tex. App.—Corpus Christi 2003, pet. denied). When the trial court's order granting summary judgment does not specify the grounds, summary judgment will be affirmed on any meritorious grounds contained in the moving party's petition. *Alejandro*, 84 S.W.3d at 390.

### B. Applicable Law

When a defendant moves for traditional summary judgment on the basis of the affirmative defense of statute of limitations, the movant bears the burden to conclusively establish that the statute is applicable, including the date on which the statute began to run, which is the date the cause of action accrued. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Provident*, 128 S.W.3d at 220. Determining when a cause of action accrued is a question of law. *Provident*, 128 S.W.3d at 221. A cause of action accrues, and the statute begins to run, "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). The statute begins to run on the accrual date even if the injury is not discovered until later or

4

all damage resulting from the injury has not yet occurred. *Id.* In certain narrow cases, however, the discovery rule defers accrual until a plaintiff "knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The supreme court has ruled that the discovery rule applies where both "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *S.V.*, 933 S.W.2d at 6 (quoting *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 918 S.W.3d 453, 456 (Tex. 1996)). The party moving for summary judgment on the basis of limitations must negate the discovery rule if it applies and has been pleaded by the nonmoving party. *Envtl. Procedures, Inc. v. Guirdy*, 282 S.W.3d 602, 622 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on rehr'g). A defendant moving for summary judgment on the basis of the statute of limitations where the non-movant has pleaded the rule negates the discovery rule by proving as a matter of law that there is no question of material fact "about when plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999).

### C. Deck's Motion For Summary Judgment

Deck filed a combined motion for summary judgment, seeking a traditional summary judgment on appellant's claims for assumpsit, conversion, and fraud based on the statute of limitations and a no-evidence summary judgment on appellant's claim for breach of fiduciary duty.

#### 1. Claim for Assumpsit

Deck's motion recites the following: appellant claims he did not get paid on the transactions that occurred "on our around May 2003," the statute of limitations to bring

an action for assumpsit is either two or four years, and appellant filed suit in August 2009.  Because 2009 is more than four years since "the transaction complained of," Deck argues that the statute of limitations has therefore run on appellant's cause of action.

A cause of action for money had and received accrues when the defendant obtains money that "in good conscience belongs to the plaintiff."  *Amoco Production Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no pet.); *see also H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet).  Deck appears to argue that the cause of action accrued on the date of the transaction, when he began to hold money for appellant, but this argument is contradicted by the record.  In a letter to appellant, Deck represented that the sale had closed and that "Mis Tres Properties, L.L.C. is now holding the monies owed to you pursuant to that note" and that appellant should come to King's office with a copy of the note and the original deed of trust to obtain his funds.  There is no dispute that Deck was holding the funds appellant was due after the sale closed.  Instead, appellant alleges that Deck misappropriated the money Deck was holding for appellant sometime after the sale closed.  Deck's motion does not address this claim and therefore does not establish the date on which appellant's cause of action would have accrued.

As the moving party, Deck was also required to negate the discovery rule in order to conclusively establish his affirmative defense, or explain why it does not apply.  Deck's motion on this claim fails to address the rule at all.  Deck now makes several arguments on appeal as to why there is no question of fact regarding when plaintiff knew or should have known of his claim, but this Court may not uphold summary

6

judgment on a ground that is not expressly presented in the motion to the trial court. *See* TEX. R. CIV. P. 166a(c); *Garza v. CTZ Mortg. Co. LLC*, 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet). Because Deck did not conclusively establish the affirmative defense of the statute of limitations and did not address the discovery rule, we conclude that the trial court erred in granting summary judgment. We accordingly reverse summary judgment on this claim.

### 2. Claim for Conversion

Deck's motion for summary judgment on this claim recites that the claim is repetitive of appellant's claim for assumpsit, states that the statute of limitations on conversion is two years, and argues that the statute of limitations has therefore run.

The statute of limitations in conversion cases generally begins to run at the time of the unlawful taking. *Burns v. Rochon*, 190 S.W.3d 263, 271 (Tex. App.—Houston 2006, no pet.). The discovery rule can apply to conversion cases, including cases where, as here, possession of the property "is initially lawful." *Id.* (citing *Hofland v. Elgin-Butler Brick Co.*, 834 S.W.2d 409, 414 (Tex. App.—Corpus Christi 1992, no writ)). Deck's motion suffers from the same defects as his motion on the assumpsit claim; Deck does not establish, or even discuss, the date on which the cause of action would have accrued. Deck also does not address the discovery rule even though it was affirmatively plead by appellant. As the moving party, Deck had the burden both to establish that the statute is applicable, including the date on which the statute began to run, and to negate the discovery rule. *Guirdy*, 282 S.W.3d at 622. Because Deck's motion on this claim did neither, we conclude that the court erred in granting summary judgment. We reverse summary judgment on this claim.

7

### 3. Claim for Fraud

Deck's motion for summary judgment on appellant's claim for common-law fraud recites that the statute of limitation is four years, that more than four years passed between "the transaction" and the time appellant filed suit, and argues that the statute of limitations has therefore run. The elements of common-law fraud are: (1) a material representation, (2) that was false, (3) when the speaker made the representation he knew it was false or made it recklessly without knowledge of the truth and as a positive assertion, (4) speaker made the representation intending to induce the other party to act on it, (5) the party acted in reasonable reliance on the representation, and (6) the party relying on the representation suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). In general, an action for common-law fraud accrues on the date appellant made the allegedly false representations. *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet).

Deck's motion does not address the representations that he allegedly made to appellant or address the application of the discovery rule in this case. As the party moving for traditional summary judgment, it was Deck's burden to establish both the date on which the statute began to run and to either negate the discovery rule or explain why it is inapplicable. Deck's motion thus did not establish the date on which appellant's cause of action would have accrued. Because Deck's motion on this claim does not fulfill either of these requirements, we find that he did not conclusively establish the statute of limitations as his affirmative defense. We reverse summary judgment on this claim.

8

### 4. Claim for Breach of Fiduciary Duty

Deck sought a no-evidence summary judgment on appellant's claim on the basis that there is no evidence that he owed appellant a fiduciary duty. Appellant argued that Deck, as trustee, owed appellant a fiduciary duty as the named beneficiary. Deck argued that Texas law is clear that the named trustee of a deed of trust does not owe a fiduciary duty to the beneficiary. *See Powell v. Stacey*, 117 S.W.3d 70, 74 (Tex. App.—Fort Worth 2003, no pet.) ("A trustee's duties are fulfilled by strictly complying with the terms of the deed of trust."). Deck also argued that he had no other dealings with appellant that were sufficient to create a fiduciary relationship. Appellant attached the promissory note and deed of trust to his amended response to Deck's summary judgment motion. However, appellant did not discuss how those documents raise the scintilla of evidence necessary to defeat no-evidence summary judgment; accordingly, appellant failed to meet his burden. TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal."); *see also Morris v. Enron Oil & Gas Co.*, 948 S.W.3d 858, 867 (Tex. App.—San Antonio 1997, no pet.).[3] Therefore, appellant has failed to meet his burden. The trial court properly granted summary judgment on this claim.

---

[3] Even if appellant had argued this point in his response, we do not see how he could raise a fact issue on a breach of fiduciary relationship relating to the deed of trust. Although a trustee who exercises a power granted in the deed becomes the "special agent" of both parties and must "act with absolute impartiality and with fairness to all concerned," appellant did not bring forth any evidence that Deck exercised any of his powers as trustee. *Powell v. Stacey*, 117 S.W.3d 70, 73 (Tex. App.—Fort Worth 2003, no pet.).

### D. Garcia's Motion for Summary Judgment

Garcia's motion as to appellant's claims for breach of contract, assumpsit, and conversion is a traditional motion for summary judgment and a no-evidence motion as to the claim of fraud.

#### 1. Claims for Assumpsit and Conversion

Garcia's motion for traditional summary judgment on appellant's claims for assumpsit and conversion is materially identical to Deck's motion and suffers from the same defects. We accordingly reverse the grant of summary judgment on those claims for the reasons discussed above.

#### 2. Claim for Breach of Contract

Garcia's motion on the claim for breach of contract recites the time period in which the sale closed, the date appellant filed suit, and recites that the cause of action is therefore barred by limitations. In Texas, a breach of contract claim "accrues when the contract is breached." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006). The supreme court has recognized that the discovery rule can apply to breach of contract actions, but observed that such instances "should be rare, as diligent contracting parties should generally discover any breach during the relatively long four-year limitations period provided for such claims." *Id.* at 315. Garcia's motion on this claim does not mention the Texas statute of limitations for breach of contract claims or discuss the date on which the statute would have begun to run on appellant's claim. Garcia's motion also does not address the discovery rule. As the party moving for summary judgment, Garcia had the burden to conclusively establish that the statute is applicable, including the date on which the statute began to run, and to either negate the discovery rule or explain why it is inapplicable. Because Garcia's motion does not

10

meet either of these requirements, we conclude that Garcia did not conclusively establish his affirmative defense of limitations. We accordingly reverse summary judgment on this claim.

### 3. Claim for Fraud

In the no-evidence portion of his motion, Garcia argued that appellant could not provide evidence proving two of the elements of fraud. The elements of common-law fraud are: (1) a material representation, (2) that was false, (3) when the speaker made the representation he knew it was false or made it recklessly without knowledge of the truth and as a positive assertion, (4) the speaker made the representation intending to induce the other party to act on it, (5) the party acted in reasonable reliance on the representation, (6) the party relying on the representation suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Garcia argued in his motion that appellant could not produce any evidence of the last two elements of fraud, reliance and damages.

Garcia appears to have moved for summary judgment on a claim that appellant did not make against him. Appellant alleges that Garcia represented to appellant that the funds had been seized by the federal government. Appellant does not allege that Garcia ever represented to appellant that he would release the funds to appellant if appellant appeared in person. Garcia, however, moved for summary judgment on the fraud claim on the basis that plaintiff has produced no proof of his reliance "on the alleged representation that the funds were available to him once he personally presented himself to collect them." Because Garcia's motion does not track appellant's live pleading, we reverse the grant of summary judgment on this issue.

11

### III. Conclusion

Having reversed the grant of summary judgment as to all of appellant's claims against all defendants except for the claim against Deck for breach of fiduciary duty, we remand to the trial court for further proceedings consistent with this opinion.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
4th day of April, 2013.