

# NUMBER 13-24-00564-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BASELINE ENERGY SERVICES, LP
AND BASELINE SERVICES LLC,                                    Appellants,

v.

BILLY TOM MARTIN,                                               Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 10
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

Appellants Baseline Energy Services, LP and Baseline Services LLC (collectively Baseline) challenge the trial court's denial of a motion to dismiss appellee Billy Tom Martin's libel suit. By one issue, Baseline contends that it satisfied the initial burden to show that Martin's libel claim falls within the Texas Citizen's Participation Act (TCPA)

because the complained-of statements were made in connection with a governmental proceeding. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Baseline, an energy company, employed Martin as an inventory specialist on October 30, 2022. Martin claims that he was injured while fulfilling his work-related responsibilities on February 2, 2023, which "resulted in severe pain in his lower back and sternum, leading to a diagnosis of a herniated disk." According to Martin, on February 7, 2023, he "initiate[d] a workers' compensation claim," reported the injury to his supervisor, and "requested a reasonable accommodation from" Baseline "to work from home temporarily." Baseline terminated his employment that day. On April 1, 2024, Martin filed suit against Baseline for disability discrimination and workers' compensation retaliation.

On August 16, 2024, Martin filed his live pleading claiming that Baseline retaliated against him for filing workers' compensation and that when he sought unemployment benefits, Baseline, "motivated by retaliatory intent," denied his claim without any basis.[1] Next, Martin sued for disability discrimination because "at the time [Baseline took] the adverse employment actions . . . he was an individual with a disability as defined under the Texas Labor Code." Finally, Martin sued for libel claiming that Baseline "through actions directly taken or sanctioned by their agents, falsely claimed both internally within the organization and externally, notably during proceedings related to [his] claim for unemployment benefits, that [he] had abandoned his job." Martin alleged, "[t]hese statements were published to third parties, including but not limited to employees within

---

[1] According to Martin, his workers' compensation claim was eventually approved after a lengthy nearly one-year appeal with the Texas Workforce Commission (TWC), which according to Martin, "substantiates" his "claim that the initial denial was without merit and retaliatory in nature."

[Baseline's] organization and representatives of the unemployment benefits office, thereby satisfying the publication necessary for a libel claim."

On September 19, 2024, Baseline filed a motion to dismiss pursuant to the TCPA, generally stating that Martin could not provide by clear and specific evidence a prima facie case for "any and all of the essential elements of his claims"; therefore, the trial court should "dismiss his case." Baseline said, "Even assuming [Martin] can present the requisite evidence, however, [Baseline's] speech was protected and justified so as to establish defenses as a matter of law—further warranting dismissal." Baseline cited *Gallegos v. Escalon*, arguing that statements made in quasi-judicial proceedings are protected by judicial immunity. 993 S.W.2d 422, 425 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.).

Baseline stated in its motion to dismiss that it had "absolute immunity in making the alleged statements" and Martin's libel "claim rel[ied] upon statements made by [Baseline] 'internally within the organization and externally, notably during proceedings related to [Martin's] claim for unemployment benefits.'" Baseline further argued, "Any communications made to the TWC during unemployment investigations or proceedings are covered by absolute judicial immunity and therefore cannot, as a matter of law, serve as the basis for a libel action." Martin did not file a response to Baseline's motion.

The trial court held a motion to dismiss hearing on November 5, 2024. Baseline did not appear at the hearing because according to Baseline the weather prevented its attorneys from traveling to the hearing. At the hearing, Martin asked the trial court to deny Baseline's motion to dismiss because Baseline did not appear. The trial court denied Baseline's motion to dismiss. This appeal followed.

## II.    STANDARD REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a TCPA motion to dismiss de novo. *Izaguirre v. Aguilar*, No. 13-19-00225-CV, 2021 WL 727017, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2021, pet. denied) (mem. op.) (citing *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)). "In conducting our review, we consider the pleadings and evidence in a light favorable to the nonmovant." *Id.* (citing *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied)).

The TCPA allows for dismissal of lawsuits that unacceptably threaten the rights of free speech, the right to petition, or the right of association. *Id.* (first citing *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015); then citing *Fawcett v. Grosu*, 498 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (op. on reh'g)). "A defendant invoking the act's protections must show first, by a preponderance of the evidence, that the plaintiff's legal action is 'based on, relates to, or is in response to' the defendant's exercise of one or more of the enumerated rights." *Id.* (quoting *Lipsky*, 460 S.W.3d at 586). If the defendant satisfies its burden, the plaintiff must then establish clear and specific evidence of a prima facie case for each essential element of the claim in question, or the case is dismissed. *Id.*

## III.    DISCUSSION

In its motion to dismiss, Baseline claimed that the trial court should dismiss all of Martin's causes of action because Martin could not establish by clear and specific evidence a prima facie case for each element of each of his claims. However, Baseline did not allege any facts that would place Martin's claims, other than libel, within the TCPA. Martin clearly did not allege that he was entitled to the relief sought for any causes of

action except libel based on any of Baseline's statements or communications. On appeal, Baseline has abandoned its motion to dismiss Martin's causes of action for disability discrimination, workers' compensation retaliation, and retaliation for applying for unemployment, and on appeal, it only seeks reversal of the trial court's denial of its motion to dismiss Martin's libel claim. Baseline contends that it established that Martin filed his libel claim in response to its exercise of its right to petition by making statements in a quasi-judicial TWC proceeding and communications pertaining to that TWC proceeding.

The TCPA applies to "statements made in a [TWC] proceeding [because those statements] implicate the right to petition." *Yu v. Koo*, 633 S.W.3d 712, 724 (Tex. App.— El Paso 2021, no pet.); *Porter- Garcia v. Travis L. Firm, P.C.*, 564 S.W.3d 75, 85 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("The TCPA broadly defines '[e]xercise of the right to petition' to include a communication pertaining to a judicial, official, or governmental department proceeding, such as the TWC proceeding here.") (alteration in original); *see also Linan v. Strafco, Inc.*, No. 13-05-027-CV, 2006 WL 1766204, at *2 (Tex. App.—Corpus Christi–Edinburg June 29, 2006, no pet.) (mem. op.) ("Quasi-judicial" proceedings include proceedings before the Texas Workforce Commission (formerly known as the Texas Employment Commission)") (citation modified). Moreover, "[t]he TCPA defines 'exercise of the right to petition' as including 'a communication in or *pertaining to*: . . . (i) a judicial proceeding; (ii) an official proceeding, other than a judicial proceeding, to administer the law; [or] (iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government.'" *Consultants in Pain Med., PLLC v. Ellen Boyle Duncan, PLLC*, 690 S.W.3d

5

739, 751 (Tex. App.—San Antonio 2024, pet. denied) (alteration in original) (emphasis added) (quoting Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 27.001(4)(A)(i)–(iii)).

Martin alleged in his petition that Baseline committed libel by falsely stating to the TWC that he abandoned his position and that Baseline made the same communication internally to its employees. Baseline responded that it had "absolute immunity" to make its communications internally and to the TWC because those communications were about its investigation pertaining to the TWC proceedings and argued, "Any communications made to the TWC during unemployment investigations or proceedings are covered by absolute judicial immunity and therefore cannot, as a matter of law, serve as the basis for a libel action." *See Linan*, 2006 WL 1766204, at *2 ("Texas recognizes an absolute privilege in both judicial and quasi-judicial proceedings, 'meaning that any statement made in the trial of any case, by anyone, cannot constitute the basis for a defamation action, or any other action.'") (quoting *Hernandez v. Hayes*, 931 S.W.2d 648, 650 (Tex. App.—San Antonio 1996, writ denied)).

The TCPA applies to statements Baseline made to the TWC. *See Yu*, 633 S.W.3d at 724; *Porter-Garcia*, 564 S.W.3d at 85; *Linan*, 2006 WL 1766204, at *2. Additionally, Baseline's internal statements concerned communications that pertained to the TWC proceedings. *See id.*; *Izaguirre*, 2021 WL 727017, at *3. Thus, Baseline met its burden to show Martin's libel claim is based on, relates to, or is in response to its right to petition, and the burden therefore shifted to Martin to provide prima facie evidence of each element of his libel claim. *See Izaguirre*, 2021 WL 727017, at *2.

Martin did not file a response to Baseline's TCPA motion to dismiss, and at a

hearing on the motion, Martin did not present any evidence.[2] Thus, Martin did not fulfill his burden. *See id.* Martin claims that he was excused from presenting evidence, and the trial court could have denied Baseline's motion because Baseline did not attend the TCPA motion to dismiss hearing. Martin does not provide authority, and we find none, supporting this assertion. *See id.*; *Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 29 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (rejecting the plaintiff's argument that allegations in the pleadings alone could support a prima facie case and stating, "Once the court is satisfied that the Act applies and the burden shifts to the non-movant, the TCPA requires something beyond allegations in the pleading 'to support a rational inference that an allegation is true'"). Therefore, we conclude that the trial court improperly denied Baseline's TCPA motion to dismiss Martin's libel claim. We sustain Baseline's sole issue.

## IV. CONCLUSION

We reverse the trial court's denial of Baseline's motion to dismiss Martin's libel cause of action and remand for proceedings consistent with this memorandum opinion. We affirm the trial court's judgment to the extent that the trial court denied Baseline's motion to dismiss Martin's other causes of action.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
4th day of June, 2026.

---

[2] In its judgment denying Baseline's motion to dismiss, the trial court stated, "The TCPA does not apply to shield Defendants from this suit as [Martin] has shown clear and specific evidence supporting each essential element of the claims, which are grounded in alleged illegal actions extending beyond protected activities." However, as stated above, Martin did not file a response to the motion to dismiss or present evidence at the motion to dismiss hearing. Therefore, this statement is erroneous.